J. W. NEDVIDEK, Defendant in Error, *v.* J. H. G. MEYER, Plaintiff in Error.

1. *Practice, civil — Actions — Account — Rent.* —Where parties have mutual dealings, and rent from one to another becomes a subject of account between them, by mutual understanding and arrangement, it is recoverable in an action on account.

2. *Practice, civil — Evidence — Account — Items.* —Evidence is admissible touching different articles of merchandise sold, notwithstanding that they were embraced under one item, where the price paid was upon the mass, and not upon the individual articles.

3. *Evidence — Sale, bill of — Consideration, additional may be shown by parol.*— Where a bill of sale stated a consideration, but not the whole consideration which induced the sale, it was competent by oral evidence to supply the omission and show the additional consideration, if not inconsistent with that expressed in the original document.

4. *Practice, civil —Answers, party can not have two in same case at same time.* —Defendant can not have two answers pending in the same case at the same time — one principal and the other supplementary.

### *Error to Second District Court.*

*Conger, Reynolds & Perryman,* for defendant in error.

*Wingo & Relfe,* for plaintiff in error.

CURRIER, Judge, delivered the opinion of the court.

The judgment herein is sought to be arrested because of the supposed mingling of different causes of action in the same count, and also because causes of action supposed to be incongruous are joined in the same petition. The suit is upon an account con-

taining items of charge for rent, board, services, and goods sold, together showing an aggregate of indebtedness amounting to $2,098.57. Whether the rent was recoverable in an action upon the account is a question which can not be determined upon a motion in arrest. That is a matter to be settled by the evidence. If the parties had mutual dealings, and the rent became a subject of account between them, by mutual understanding and arrangement, it thereby became a proper matter of book charge, and recoverable in an action upon the account. (Scott v. Lance, 21 Verm. 507.) The account contained an item for goods sold amounting to $1,077.67. At the trial, which was before a referee, the defendant objected to the plaintiff's evidence in support of this item, on the ground of non-compliance with the statute in regard to itemizing an account sued on. (Wagn. Stat. 1020, § 38.) The evidence was received notwithstanding the objection, and the referee found from it, for substance, that the charge was for a sale in gross for a round sum, without any specification of the value or price attached to the several articles sold. Under these circumstances we think the evidence was properly received. The price was upon the mass, and not upon the individual articles. The consideration of the purchase was therefore indivisible, and could not be apportioned or sub-itemized. The sale constituted but a single transaction, and laid the foundation but for a single charge for the value or price of the whole. The sale was in gross, and the charge or item in the account corresponded with the character of the sale. The referee further found that the plaintiff and another party had, prior to the sale, been in partnership in merchandising; that the firm was dissolved about the 1st of June, 1867, and that on the 19th of that month the residuum of goods then on hand was sold to the defendant, including the goods sued for in this action, these latter goods having been put into the joint business by the plaintiff. It is further found that it was arranged in the sale that the purchase money for these particular goods, valued, in gross, at $950, should be paid to the plaintiff, treating them as separate from the joint stock. But the sale to the defendant was evidenced by a bill of sale which purported to embrace the whole joint stock, and also purported

to recite and set out the consideration paid and to be paid on account of it. The finding of the referee in regard to the $950 was based on oral proofs, which the defendant objected to as tending to vary or contradict the written bill of sale. The bill of sale omitted to state anything about the $950, and the question is whether oral evidence was admissible to explain the omission and show the actual facts of the transaction as regards the alleged omission.

On this subject it may be remarked that recitals in deeds and bills of sale showing the considerations upon which they were made, as in receipts showing the sums of things received, are *prima facie* but not conclusive evidence of the facts recited. (1 Greenl. Ev., §§ 285, 305, 7th ed.) In this regard, such documents may be explained, added to, or contradicted by oral proofs. Thus, where a deed recited a named consideration, it was held competent to show by oral evidence a further and additional consideration not mentioned in the deed, such additional consideration not being inconsistent with that expressed in the instrument. (Clifford v. Tuvill, 9 Ind. 633 ; 1 Greenl. Ev., § 285.)

The same principle applies to the bill of sale in question. It stated a consideration, but according to the oral evidence not the whole consideration which induced the sale. It was competent, therefore, by oral evidence to supply the omission and to show the actual consideration which moved between the parties. In other words, it was competent to show a consideration additional to that expressed in the written instrument. The additional consideration shown by the oral proofs was in no way inconsistent with that expressed in the written document. It was simply additional. It must be considered, therefore, that the objection to the parol evidence was properly overruled.

The objection to the testimony of Perryman and Dinning, as detailing confidential communications, is not well founded. Mr. Dinning declined testifying except upon consent, and the referee refused to adopt any measures of coercion. Mr. Perryman was not the defendant's attorney, and made no statement in regard to what passed in the office of Perryman & Dinning. As regards the amount paid by defendant in satisfaction of a judgment ren-

dered against him as the plaintiff's garnishee, it is sufficient to say that the defendant has no ground of complaint respecting it.

The amount so paid by the defendant was allowed to him by the referee in the adjustment of the accounts. The judgment in the garnishment proceedings was no adjudication of the matters of claim between the present parties beyond the amount included in that judgment. Nor did the referee commit any error in refusing to the defendant permission to file before him a *supplemental* answer showing certain facts not embodied in the principal answers. Whatever the authority of the referee might be to allow any modification of the pleadings, it was not allowable for the defendant to have two answers pending in the case at the same time — one principal and the other supplementary. (Ticknor v. Voorhies, *ante*, p. 110.)

The referee disallowed certain items in the defendant's set-off, which accrued between certain dates, but upon precisely what ground the report fails to state. Evidence was given in support of the entire set-off, which the referee may not have found sufficient to sustain these particular charges; but the ground of the disallowance, as just observed, the record fails to disclose.

Upon the whole, I think the judgment should be affirmed. The other judges concur.