CHRISTINA LAUDMAN *et al.*, Respondents, *v.* BENTON H. INGRAM, Appellant.

1. *Contracts — Deed — Encumbrances — Parol consideration.* — In an action on a covenant against encumbrances, for amount paid by plaintiff for taxes, defendant may prove that in addition to other considerations named in the deed, plaintiff had made a parol agreement to pay off said taxes.

Although in general all stipulations and declarations anterior to and cotemporaneous with a written agreement are merged in it and cannot be proved by parol, it is further true that additional considerations not inconsistent with those named in a deed may be proved by parol.

*Appeal from Pettis Circuit Court.*

*Phillips & Vest,* for appellant.

The evidence did not vary or contradict the stipulations of the deed. To show another or additional consideration to that expressed in it was not repugnant to it. (See 6 Cush. 549, 553, 557; 17 Mass. 249, 257; 14 Mo. 482; 39 Mo. 250; 3 Hill, 219; 26 Iowa, 97, 110; 15 Wend. 308, 310–11, 313; 33 Wis. 519; 23 Ind. 590; 26 N. Y. 378; 16 Wend. 460; 41 N. Y. 316.)

*J. Montgomery, Jr.,* for respondents.

The court properly excluded the testimony of the defendant Ingram. The object and effect of his testimony was to prove anterior stipulations and representations, and those made at the same time as the written contract, as evidenced by the deed, and was clearly inadmissible. They were merged in the written instrument. (Gooch v. Connor, 8 Mo. 393.) It also tended to contradict, control and vary the written contract, and was inadmissible. (Smith's Adm'r v. Thomas, 29 Mo. 307; Peers' v. Davis, Adm'r, 29 Mo. 184.) This was offering parol testimony, in an action upon a covenant, of the knowledge or understanding of the parties at the time of entering into the covenant, and was inadmissible to control the force and effect of the covenant. (Singleton v. Fore, 7 Mo. 515; Harlow v. Thomas, 15 Pick. 70; Donnell v. Thompson, 1 Fairf., Me., 177.) If the encumbrance had been excepted by a verbal agreement, the deed

should show it. (Estabrook v. Smith, 6 Gray, 578; Townsend v. Weld, 8 Mass. 146.) Such evidence is not admissible on the ground that the payment of the taxes was a part of the consideration. (Spencer v. Tilden, 5 Cow. 144, 509; 1 Greenl. Ev., § 281 and note; Preston v. Merceau, 2 Blackst. 1449; Gooch v. Connor, *supra*.) If such a construction were placed upon the rule of evidence, it might be claimed in every case of a breach of covenant. (Howard v. Thomas, 12 Ohio St. 205–6; Mott v. Palmer, 1 Comst. 575–6.) And the covenant of warranty would become no engagement whatever on the part of the grantor for the goodness of his title. (Collingwood v. Irwin, 3 Watts, Penn., 309.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiff, Christina Laudman, who is the wife of Jacob Laudman, exchanged lands with the defendant. Each party's land was valued at the time, which valuation was a part of the consideration or purchase-money to be expressed in the deed. The balance of such consideration was the taxes for the current year, which in each case were to be assessed in the respective names of the grantees· and paid by them. The deed from the defendant to the plaintiff Christina contained a covenant against encumbrances. The plaintiffs paid the taxes above referred to, which were a lien at the time the defendant made his deed to said Christina, and then brought this suit on the covenant against encumbrances. The defendant set up the foregoing facts as a defense, and offered to prove them by parol evidence, but the court excluded this evidence.

It seems to me that there is very little conflict in the authorities that one may prove by parol evidence additional considerations not inconsistent with the one mentioned in the deed.

Suppose a party should sell lands for $2,000, and only $1,000 of the purchase-money was mentioned in the deed as the consideration, and it was agreed at the time that the grantee should retain the balance of the purchase-money not mentioned in the deed to pay off an existing encumbrance to the amount of the money so retained, and afterward actually applied the money in

payment of the encumbrance, could not this agreement be proved by parol in a suit by the grantee on the covenants against encumbrances?

We know the general rule to be that all stipulations and declarations anterior to and cotemporaneous with a written agreement are merged in the writing and cannot be proved by parol. (See Gooch v. Connor, 8 Mo. 394.) But the exception, if it be an exception, is equally as well established, that one may by parol evidence prove additional considerations not inconsistent with those recited in a deed. That is what the defendant undertook to do in this case. It was part of the consideration or purchase-money that the plaintiffs were to pay the existing taxes, and if the defendant himself had paid them in discharge of his covenant, he might have recovered them back as the unpaid portion of the purchase-money, and proved his case by parol evidence. The plaintiffs, therefore, in paying these taxes only paid the balance of the purchase-money due to the defendant. (See Brackett v. Evans, 1 Cush. 79; Preble v. Baldwin, 6 Cush. 549.) The court, therefore, erred in rejecting the parol evidence offered to establish this defense. So far as we can see, the plaintiff, Laudman, was a competent witness.

Let the judgment be reversed and the cause remanded. The other judges concur.