McConnell v. Brayner, et al.

J. R. McCONNELL, Appellant, *vs.* WM. BRAYNER, *et al.*, Respondents.

1. *Vendors and purchasers—Conveyances—Consideration—Parol testimony as to —Parties—Joinder—Fraud—Evidence.*—Where two joint owners of a tract of land conveyed the same by a deed in the usual form, wherein the tract was stated to contain a specified number of acres "more or less," and a certain sum was specified as the consideration, but the parties made before the sale a parol contract, that if, upon survey, the tract should prove to contain a greater number than that named, the vendee should pay a corresponding additional amount of purchase money, and one of the grantors only having received his share of the excess, the joint vendor brought suit for his proportion. It was *held* as follows : 1st, since the alleged defect was apparent on the face of the petition, defendant after failing to demur was not in a position to object as a matter of proof to the non-joinder of both vendors ; 2d, the verbal agreement not being for the sale of land was not within the statute of frauds. The contract was executed and finished when the deed was made. The demand sued on was merely one for money arising out of that contract. And in such case if plaintiff had performed his part of the contract, and defendant had taken possession of the land sold, the latter could not then take refuge under the statute ; 3rd, parol testimony was proper showing that the true consideration differed in amount from that named in the instrument.

*Appeal from Pettis Circuit Court.*

*Ewing, Smith & Pope, with Montgomery & Felix,* for Appellant, cited : 1 Greenl. Ev., § 284*a* and note ; Lewis vs. Gray, 1 Mass. 297 ; Lapham vs. Whipple, 8 Met. 59 ; Rollins vs. Claybrook, 22 Mo. 405 ; Moss vs. Green., 41 Mo. 389 ; Barker vs. Bradley, 42 N. Y. 316 ; 6 Ind. 468 ; 30 Ind. 438 ; 15 Mass. 84 ; 3 Wash. Real Prop. 327 ; 15 Iowa, 22 ; 35 Mo. 316 ; 49 Mo. 212 ; 26 N. Y. 378 ; 23 Cal. 475 ; 21 Cal. 47 ; 16 Wend. 460 ; 44 Mo. 120 ; 34 Mo. 76 ; 1 Chit. Pl. 75, 76 and 138 ; Bunce vs. Beck, 43 Mo. 266.

*Crandall & Sinnet,* for Respondents, cited : Wolf vs. Robinson, 20 Mo. 457 ; 29 Mo. 307 ; Bunce adm'r of Beck vs. Beck, Ex'r, 43 Mo. 266 and cas. cit.; Helmrichs vs. Gehrke, 56 Mo. 79 ; Gooch vs. Conner, 8 Mo. 39 ; Fauve vs. Martin, 3 Seld. 310 ; Baxley vs. Stephen, 31 Mo. 201 ; Martin vs. Dively, 6 Wend. 9 ; Higgins vs. Peltzer, 49 Mo. 152 ; Dewey vs. Carey, 60 Mo. 224.

SHERWOOD, Judge, delivered the opinion of the court.

In January, 1870, Frank W. Hickox and plaintiff were the owners as tenants in common of certain blocks of ground in the town of Lamont, and of a tract of land adjacent to such blocks. They conveyed the above mentioned land by a deed in usual form describing the blocks as such and the tract by metes and bounds to the defendant Clarissa Brayner. The consideration expressed in the deed to have been received from the grantee was $1,050, and the description of property conveyed, concludes with the words " containing in all, including said lots, thirty acres more or less."

The plaintiff claims that the contract of sale was made with the husband of the grantee, Wm. Brayner, and that it was stipulated between the parties that the blocks and tract of ground should be purchased at $35 per acre, they estimating that the whole of the real estate contained thirty acres, and that if upon subsequent survey, it should be ascertained that there were more than that number of acres, then Hickox and plaintiff were to be paid for the excess at the above rate per acre. If, on the other hand, the quantity should be found less than thirty acres, then they were to return to Brayner an amount sufficient to pay for the deficiency at the same rate per acre ; that the conveyance, at the request of Brayner, was made to his wife, the money paid, and that upon a survey being made as agreed on, the quantity of land was found to be in excess of what the parties had estimated by 7 74-100 acres. Plaintiff also claims that Brayner thereupon paid to Hickox his share of the excess at the rate per acre agreed on being $135.45, but refused to pay plaintiff for his share a like sum, wherefore he brings his suit.

The answer denied the chief allegation of the petition save that in relation to paying Hickox the above sum. The petition was amended by striking out that portion which sought the enforcement of a vendor's lien. At the trial, after reading the deed in evidence, plaintiff offered to prove that prior to, and at the time of making the deed to Mrs. Brayner, a verbal agreement with respect to the land was made, as before stated, between the grantors

in that deed and defendant Wm. Brayner ; that the survey agreed on was made and was attended by the result above mentioned, that Brayner paid Hickox his half of the money arising from the excess in quantity of land, but refused to pay plaintiff, and that defendants took possession of the land under the contract thus made.

The introduction of such evidence was successfully resisted by defendants on these grounds :

1st. That the parol contract was void because of the statute of frauds. 2nd. That all prior and cotemporaneous verbal agreements were merged in the deed and could not be introduced to vary or contradict it. 3rd. That the deed being made to a married woman, a verbal agreement cannot be enforced against her ; 4th. That the contract was jointly made with Hickox and plaintiff, and both should have joined in the suit. The plaintiff took a non-suit with leave, etc.

## I.

The defendants are not in a position to object because Hickox was not joined as party plaintiff. This alleged defect being apparent on the face of the petition, advantage should have been taken of the supposed non-joinder by demurrer (Wagn. Stat., 1015, § 10) failing in this, they must be " deemed to have waived the same."

In the case cited by defendants (Dewey vs. Carey, 60 Mo. 225,) the point was expressly raised by demurrer, and was of course held well taken. There the suit was instituted by only one of the obligors in an injunction bond, on which no damages had even been assessed, and as there were three obligors to the bond, if a suit by one for damages could be maintained, the same result would follow as to each of the obligees, and thus the obligor be subjected to three suits instead of one. Here the case is essentially different. The petition charges what the answer admits to be true, by failing to deny that Hickox had been fully paid for whatever was due him in consequence of the land exceeding in quantity thirty acres, and the plaintiff also, as above seen, attempted to prove the same thing in reference to Hickox having

been thus paid. Under such circumstances, it would have been but an idle and useless ceremony to have joined Hickox as party plaintiff, when the facts alleged show that he had no interest in the suit, and in consequence was not a necessary party thereto.

## II.

Although the deed was made to Mrs. Brayner, yet the petition shows that the contract—the verbal agreement in respect of the purchase money—was made with the husband, and by amending the petition so as to abandon any vendor's lien, it was plain that plaintiff did not seek to enforce any agreement against her. The third objection is for this reason unfounded in fact, and finds no support in the record.

## III.

The verbal agreement for the payment of the purchase money was not within the statute of frauds, because it was not a contract for the sale of lands. That contract was executed and finished when the deed was made to the wife at the instance of the husband. This demand is merely one for money arising out of that contract. (Wilkinson vs. Scott, 17 Mass. 249 ; Bowen vs. Bell, 20 Johns. 338.)

Besides, if the plaintiff had performed the contract entirely on his part, it is out of the power of the other side to take refuge under the statute. (Suggett, Adm'r vs. Cason's Adm'r, 26 Mo. 221, and cas. cit.)

And plaintiffs by the testimony, which was rejected, offered to show his entire performance of his portion of the contract, and that defendant had taken possession of the land sold.

## IV.

As a general proposition, it is undoubtedly true that cotemporaneous parol agreements are deemed to be merged in the written contract, and no evidence is receivable to vary, contradict or control the terms as contained in the writing, but this rule does not preclude the admission of parol proof for the purpose of showing that a consideration, differing in amount from that recited in the deed, was the real consideration. It is not permitted by parol to so vary or control the operative words of the deed as to

defeat it as a conveyance, but the preclusion extends no further than this, and consequently parol evidence in respect to verbal agreements is held competent. The great current of authority in America is in this direction (McCrea vs. Purmott, 16 Wend. 460 and cas. cit.) and in this State, owing to repeated decisions, the question is no longer an open one. (Laudman vs. Ingram, 49 Mo. 212 ; Rabsuhl vs. Lack, 35 Mo. 316; Fontaine vs. Boatman's Sav. Inst., 57 Mo. 561 ; Hollocher vs. Hollocher, 62 Mo. 267 ; Dickson vs. Anderson, 9 Mo. 156.)

The result is that the judgment should be reversed and the cause remanded ; all the judges concur, except Judge Wagner absent.