MacLeod, *Plaintiff in Error*, v. Skiles.

1. **Practice**: SEVERAL COUNTS: ELECTION. A party cannot complain of having been compelled to elect to stand on one of two counts in his petition, when the one on which he did not elect to stand failed to state a cause of action.

2. **Covenants in Deed**: CONTEMPORANEOUS PAROL CONTRACT INADMISSIBLE TO CHANGE. One who accepts a deed to real estate, with an express covenant therein to warrant and defend the title thereto against the claim of any person whomsoever, save and except the taxes of a certain specified year, cannot afterwards claim that the covenantor, by a parol contract contemporaneous with the deed, agreed to pay the taxes so expressly excepted from the operation of said covenant.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Boggess, Cravens & Moore* for plaintiff in error.

The two counts in the petition state separate and distinct causes of action. But conceding that the two counts state but one cause of action, the court erred in compelling the plaintiff to elect on which count he would proceed, and in striking out the other. Bliss on Code Plead., §§ 118, 119, 120, 295, and authorities cited; *Brinkman v. Hunter,* 73 Mo. 172. The second count stated a good cause of action. *Nevidek v. Meyer,* 47 Mo. 600; *Landman v. Ingram,* 49 Mo. 212; *McConnell v. Brayner,* 63 Mo. 461; *Bracket v. Evans,* 1 Cush. 79; *Preble v. Baldwin,* 6 Cush. 549.

*Bryant, Holmes & Waddill* for defendant in error.

The motion to require plaintiff to elect was properly sustained for the reason stated in the motion. The plaintiff was in no way prejudiced by striking out said count. The parol agreement therein alleged was contemporaneous with and merged in defendant's deed to plaintiff, and could not, therefore, be permitted to be proved. *Gooch v. Connor,* 8 Mo. 391; *Robbins v. Ayres,* 10 Mo. 538; 2 Whart. on Ev., §§ 920, 921. The second count failed to state a cause of action, and in addition the evidence failed to prove its allegations. The alleged written contract was executory, and the delivery and acceptance of defendant's deed conveying said land to the plaintiff, abrogated said written contract, and plaintiff's contract thenceforward was contained in the covenants of defendant in that deed, there being no fraud or mistake alleged or pretended. *Kerr v. Calvit,* Walker (Miss.) 115; *Waiver v. Bentley,* 1 Cai. 48; *Hawes v. Baker,* 3 Johns. 506; *Williams v. Hathaway,* 19 Pick. 387; *Crotzer*

MacLeod v. Skiles.

*v. Russell*, 9 Serg. & Rawle 78; *Stebbins v. Eddy*, 4 Mason 414.

RAY, J.—The petition in this case contains two counts. The first is in substance as follows: That on April 25th, 1877, plaintiff and defendant made and entered into a contract in writing by which defendant sold and agreed to convey to plaintiff block one in Skiles & Western's addition to the City of Kansas, for the consideration of $7,200, $10 down and $1,990 when the title to the block was shown to be good, and a good and sufficient deed should be made and delivered or tendered by defendant to plaintiff, the balance to be secured by three promissory notes of plaintiff —two for $1,733.33 each, and one for $1,733.34, the first two notes maturing at one and two years respectively, and the other at three years, each bearing ten per cent per annum from date, and secured by a deed of trust on said real estate, same to be executed and delivered concurrently with said deed and the payment of said $1,990, and to bear the same date; subject only to the terms and legal effect of an agreement in writing between said defendant and one Stevenson for the sale and conveyance, by the former to the latter, of part of said real estate which said plaintiff by the terms of said agreement was to comply with and perform, and was to have and receive all moneys due or to become due from said Stevenson; that plaintiff has kept and performed all the terms of said agreement on his part, but defendant has failed, neglected and refused to keep and perform the same on his part in this, that he failed, neglected and refused to furnish an abstract of title to said real estate, or otherwise to show plaintiff that title thereto was good, by reason of which plaintiff was compelled to and did expend $30 to procure an abstract of title to said real estate; and in this, that he wholly failed, neglected and refused to execute and deliver, or tender and offer to deliver to plaintiff a general warranty deed of said premises, conveying the same to plaintiff; but did tender and deliver to plaintiff a

deed of general warranty in form, but containing an exception therein as to the taxes thereon of and for the year 1877, which said plaintiff refused to accept and did not accept in performance of said written contract; that the State and county taxes on said real estate for the year 1877, and of the city of Kansas, had then been levied and assessed for that year as well as for many preceding years, and the same were then a lien thereon; said State and county taxes for the year 1877 amounted the sum of $57.35, which defendant has wholly failed, neglected and refused to pay; that plaintiff has been compelled to and paid the same on the 16th day of February, 1878, by reason whereof plaintiff has been damaged in the sum of $100, for which, with interest, he asks judgment.

For a second cause of action plaintiff states that defendant offered to deliver said deed to plaintiff on or about the 22nd of May, 1877; plaintiff then refused to re-receive and accept the same in performance of said written agreement, or to pay said $1,990, or to execute and deliver said notes and deed of trust until said taxes were by defendant paid; thereupon plaintiff and defendant made the following other and further agreement, outside of and beyond the said written agreement, that is to say: That the plaintiff should and would then and there pay the defendant said sum of $1,990, execute and deliver said notes and deed of trust, and in consideration thereof defendant should and would, out of and with a part of the money so to be paid by plaintiff, pay all the taxes then levied against or assessed upon said real estate, county, State and city. Pursuant to said agreement plaintiff then paid said sum of money and executed and delivered to defendant the said notes and deed of trust; and defendant, pursuant to and as part performance of said agreement, on or about the 22nd of May, 1877, paid all said taxes except only the State and county taxes for the year 1877, amounting to the sum of $57.35, which he then and ever since has refused to pay. On the 16th day of February, 1878, plaintiff was com-

pelled to and did pay said taxes, by reason whereof he has been damaged in the sum of $100, for which with interest he asks judgment.

The answer of defendant was simply a general denial.

At the March term, 1879, defendant filed his motion to require the plaintiff to elect on which count of the petition he would proceed to trial, which motion is in words and figures following :

"Defendant moves the court to order plaintiff to elect on which count of the petition he will proceed, for the reason (1) that the two counts in said petition are inconsistent, in that the first count declares upon the written contract therein referred to as subsisting, whereas the second count is based upon a subsequent parol agreement, which as appears by the petition, was entered into as a substitute for said written contract. (2) Both counts in said petition are for substantially the same cause of action as appears on the face of the petition.

At the September term, 1879, the motion was sustained and the plaintiff elected to proceed on the first count, and the court thereupon struck out the second count, to which action of the court the plaintiff duly excepted. To sustain the issue on his part, the plaintiff at the trial read in evidence the written contract signed and sealed by the parties mentioned in the petition, and which is as follows, to-wit :

" For the consideration of $7,200, this day paid and secured to be paid to H. H. Skiles, of Kansas City, Mo., by George MacLeod, in the manner hereinafter stated, the said Skiles has this day sold, and by these presents binds himself to convey to said MacLeod lots numbered from one to thirty inclusive, in block one, in Skiles & Western's addition to City of Kansas, county of Jackson, State of Missouri. In consideration whereof said MacLeod hereby agrees and binds himself to pay to said Skiles the sum of money aforesaid, as follows: $10 this day paid in hand ; $1,990 to be paid so soon as the title to said lots is shown to be good, and a good and sufficient deed therefor is de-

livered or tendered by said Skiles to said MacLeod, balance to be secured by the three promissory notes of said Mac-Leod, two for $1,733.33 each, and one for $1,733,34. One of said notes to mature in one year, one to mature in two years, and the last of said notes to mature in three years, each to bear ten per cent interest from date, and to be secured by deed of trust on said real estate, the same to be executed and delivered concurrently with said deed and the payment of said sum of $1,990, said deed to be one of general warranty, and said lots to be free of any and all incumbrances; said notes to bear the same date as said deed and deed of trust. It is hereby expressly understood and agreed that said Skiles has heretofore sold and bound himself to convey to one James Stevenson, twenty-four feet off the south side of said lot 16, and given him an obligation for a conveyance thereof, and holds the obligation of said Stevenson for the sum of $300 therefor, which he has this day assigned and delivered to said MacLeod, who hereby assumes and agrees to perform the obligations of said Skiles above mentioned to said Stevenson."

Plaintiff also read in evidence a deed from Skiles to MacLeod, containing among other things the following express covenant: "The said H. H. Skiles covenanting to and with the said George MacLeod, his heirs and assigns, for himself, his heirs, executors and administrators to warrant and defend the title to the premises hereby conveyed against the claim, of every person whatsoever save and except taxes of 1877." It was then admitted that the taxes on said real estate assessed in favor of said Kansas City and for state and county purposes for several years preceding the date of said deed was at its date due and unpaid. That said deed was delivered as stated in the evidence of R. O. Boggess on the 21st or 22nd of May, 1877; that on the same or following day said Skiles paid all the taxes on said real estate for the year 1877 and all preceding years, except the taxes thereon due the state and county for the year 1877 which he has never paid; that on or about said 22nd

of May said MacLeod paid said sum of $1,990, executed and delivered said notes and deed of trust, as required by the written contract, and that on the 16th day of February, 1878, said state and county taxes on said real estate remained unpaid and amounted to $57.85 and were on that day paid by MacLeod.

There was but one witness in the case, R. O. Boggess, who testified for plaintiff, in substance, as follows: He wrote the said contract read in evidence; the terms of the agreement had all been settled by said Skiles and said MacLeod, Alfred Bury acting agent for said MacLeod—that is when his relations to business began—he was then employed to examine the abstract of title. Said Skiles presented to him for examination an abstract, which, as he then understood, and now remembers, purported to be an abstract of the title to the land on which the addition of Skiles & Western is situated, from the emanation of the original patent from the United States down to the time when said land was laid out into what is known as Skiles & Western's addition, and partitioned amongst the owners thereof, and a part thereof sold to the Kansas Stock Yards Company several years prior to that time; said abstract, as he now remembers, was imperfect, in that it had some defects in the earlier portions thereof, and did not purport on its face to give the title to the real estate described in the said written contract to that time, nor to show anything in regard to taxes, judgments and mechanics' liens which might effect said real estate. He pointed out said defects to said Skiles, demanded a perfect and complete abstract, and refused to undertake to determine upon the validity of the title to said real estate on that abstract. Said Skiles refused to furnish any other, but did offer to refer him to other persons conversant with said title for information in regard thereto. He declined to accept such information in lieu of an abstract, and he declined to act thereon; instead thereof, he demanded a complete abstract of title which said Skiles refused to furnish. Thereupon the witness pro-

cured such abstract at a cost to the plaintiff of $30.   On examination of such abstract, title to said real estate was found satisfactory, and he undertook to close up said transaction for plaintiff; signified to defendant his readiness and ability to comply with said written agreement on behalf of plaintiff.   Defendant then tendered and offered to deliver to him, for plaintiff, the deed read in evidence.   This was on or about the 21st or 22nd day of May, 1877.   Witness declined to accept said deed for plaintiff, because it did not conform to the terms of said written agreement, and so informed said Skiles, but proposed to receive the same as part performance, as far as it was in accordance therewith, and not otherwise.   It was then agreed by said Skiles and the witness, acting for plaintiff, that plaintiff would receive said deed, pay said $1,990, deliver said notes and deed of trust; that said Skiles would, with the money so paid, pay all the taxes on said real estate, including that in favor of said city, and the State and county taxes thereon, for the year 1877.   Witness paid the sum of money, delivered said notes and deed of trust, and received said deed from said Skiles, but refused to surrender said written agreement, because the same had not been complied with and performed, and continued to hold the same.   On that or the following day, said Skiles told him he had paid all the taxes on said real estate, save and except the State and county taxes for the year 1877, which he said he could not and had not paid, for the reason that the tax books for that year had not yet gone into the hands of the collector, and showed the witness receipts for all the other taxes.   Said Skiles then and there promised to pay the State and county taxes for the year 1877.

The court, at the request of the defendant, gave the following instruction :

The court declares the law to be, that on the pleadings, evidence and admissions, the plaintiff cannot recover.

The questions presented by the record in this case for the decision of this court are, whether or not the court be-

low committed error in requiring plaintiff to elect on which count he would proceed; and in then striking out the other of said counts; and whether or not the court below committed error in sustaining defendant's demurrer to the evidence. Conceding, without deciding, that it was error to require the plaintiff to elect on which count he would go to trial, and upon his election to stand on the first count, to strike out said second count, yet that action of itself furnishes no sufficient reason to warrant a reversal of the cause, unless the merits of the action were materially affected thereby. Rev. 1879, § 3775. If the second count, so stricken out, does not state facts sufficient to constitute a cause of action, the merits of the action could not possibly be affected thereby. It is not sufficient that an error may have been committed, but it must also appear that the party complaining has been prejudiced thereby. 36 Mo. 143; 41 Mo. 509; 32 Mo. 366; *Bellissime v. McCoy,* 1 Mo. 318.

This suit brings us to a consideration of the question whether it is competent for a party, as in this case, to accept a deed for real estate with an express covenant therein to warrant and defend the title thereto against the claim of every person whatsoever, save and except taxes of 1877, and then turn around and show that the covenantor, by a cotemporaneous parol contract agreed to pay the taxes thus expressly excepted by the written contract in the deed so excepted. It is elementary law that upon the execution, delivery and acceptance of a deed or written instrument all prior or cotemporaneous parol stipulations are merged in the deed or writing, and cannot afterward be set up to contradict or vary the same. It is scarcely necessary to refer to elementary authority or adjudged cases to establish so plain and recognized a doctrine as this. The cases referred to in the brief of defendant in error, (*Gooch v. Conner,* 8 Mo. 391; *Robbins v. Ayres,* 10 Mo. 538, and 2 Whart. Ev., §§ 920, 921,) are amply sufficient for this purpose. There may be cases seemingly at variance with this well established rule, but when properly considered, they will be

found to turn mainly upon questions and principles alto-together different from those involved in the case at bar. Such, we think, for the most part, are the cases cited in the brief of plaintiff in error. *Nevidek v. Meyer*, 46 Mo. 600; *McConnell v. Brayner*, 63 Mo. 461, and *Laudman v. Ingram*, 49 Mo. 212. These cases, properly considered, go to the extent that when it is material to show the amount or character of the consideration of a deed, parol evidence, not inconsistent with that named in the deed, may be received. The question now before us, as we think, is not one as to the character or the amount of the consideration, which is clearly and expressly stated in the deed, but one as to the force and effect of an express covenant in the deed, and the admissibility of parol evidence to contradict or vary the same. The covenant in this deed especially saves and excepts the taxes of 1877. The party cannot accept a deed with such a covenant and escape its force and effect by verbal protestations and stipulations to the contrary. If he does not like the deed with such a limitation he had the right, and it was his plain duty, not to accept it at all. He was not compelled to do so. By its acceptance he abandoned and waived the prior written agreement which called for a general warranty. This prior written agreement, it may be remarked, was executory in its character and the delivery and acceptance of the deed in question abrogated the prior agreement, and thereafter the rights and liabilities of parties are measured and determined by the contracts and covenants in the deed so delivered and accepted. *Howes v. Barker*, 3 John. 506; *Crotzer v. Russell*, 9 Serg. & Rawle 78; *Williams v. Hathaway*, 19 Pick. 387. For the same reasons, we think, that the plaintiff, under the pleadings, evidence and admissions in the cause, could not recover on the first count. The real, and controlling questions under both counts were substantially the same.

Perceiving no error in the record, the judgment of the trial court is, therefore, affirmed. All concur,