LACLEDE LAUNDRY COMPANY, Appellant, v. HENRY W. FREUDENSTEIN et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted November 5, 1913. Opinion Filed December 2, 1913.

1. **CONVEYANCES:** Contradiction of Consideration Clause: Parol Evidence. Recitals of a deed as to the consideration are not a part of the contract, and parol evidence is admissible to explain, vary, or even contradict them; but the general rule is, that such evidence is not admissible where it will invalidate the deed or annul its covenants.

2. ————: Contradicting Implied Covenants Against Incumbrances: Parol Evidence. In view of the fact that the words "grant, bargain and sell" in a general warranty deed, when unrestrained by any express terms contained in the deed, are, under Sec. 2793, R. S. 1909, to be construed as a covenant against incumbrances, parol evidence, tending to show that, in addition to the consideration recited in the deed, the grantee agreed to assume and pay taxes which were then a lien on the land, was inadmissible, since its admission would have limited or restrained the statutory implied warranty.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher, Judge.*

REVERSED AND REMANDED (*with directions*).

*Wilfley, Wilfley, McIntyre & Nardin* for appellant.

(1) The foundation of a cause of action for a breach of warranty is, the existence of a deed with a covenant against encumbrances, proof of the existence of a valid encumbrance, and payment thereof by the grantee. Patterson v. Young, 81 Mo. 381. (2) Parol evidence is not competent to contradict or vary the terms of a written instrument, all precedent and contemporaneous negotiations being conclusively presumed to have been swallowed up by and merged in the

written instrument. Boyd v. Paul, 125 Mo. 13; Machine Co. v. Mackey, 100 Mo. App. 405; 17 Cyc. 613, 620. (3) Parol evidence is admissible to show the real consideration for the deed so long as it affects only the consideration, but it is not competent if it has the effect of contradicting any contractual term of the contract. Wigmore on Evidence, sec. 2433; 17 Cyc. 632; Railroad, 54 Mo. App. 644; Wisehart v. Gerhardt, 105 Mo. App. 116; Flynn v. Bourneup, 143 Mass. 247; Simonvitch v. Wood, 145 Mass. 180; Edison Co. v. Foundry Co., 194 Mass. 258; McLeod v. Skiles, 81 Mo. 595; Brown v. Morgan, 56 Mo. App. 382.

*John W. Benstein* for respondents.

The consideration in a deed or contract may always be inquired into and parol testimony is admissible to show the real consideration paid. Laudman v. Ingram, 49 Mo. 212; Nevydek v. Meyer, 46 Mo. 600; McConnel v. Brayner, 63 Mo. 461; Fontaine v. Savings Inst., 57 Mo. 561; Hollocher v. Hollocher, 62 Mo. 267; Rabsuhl v. Lack, 35 Mo. 316; Dickson v. Anderson, 9 Mo. 156.

REYNOLDS, P. J.—This is an action on the covenants of warranty in a deed, to recover $122.87 and interest, on account of city, school and State taxes for the year 1909. Plaintiff is grantee in the deed, defendants are grantors. The deed is in the usual statutory form and ''grants, bargains, and sells, conveys and confirms,'' the property to plaintiff, defendants ''hereby covenanting that they, their heirs and legal representatives will warrant and defend the title to the said premises unto the said party of the second part and unto its successors and assigns forever, against the lawful claims and demands of all persons whomsoever.'' It is dated January 14, 1909, and was then delivered. That the taxes were a lien upon the real estate at the time of the execution and delivery of the deed,

although not then due, is conceded, it being admitted that plaintiff had paid them and interest to discharge the lien, and that while plaintiff had demanded repayment thereof from defendants, this demand was refused. The deed recites $12,000 as the consideration, the receipt of which is acknowledged.

By their answer defendants set up that the $12,000 stated in the deed was not the real consideration, but that it had been agreed between plaintiff and defendants before and at the time of the execution of the deed and its delivery to plaintiff, that plaintiff assumed and would pay these taxes as part of the consideration of the purchase of the property.

There was a general denial of this by reply. Trial to a jury.

Evidence was offered by defendants tending to prove that such an agreement had been made between the parties by parol immediately before and at the time of the execution and delivery of the deed, and it was admitted by the court over the objection and exception of plaintiff.

The court refused an instruction asked by plaintiff, who duly preserved exceptions, to the effect that under the law and the evidence the verdict of the jury should be for the plaintiff. At the request of defendants the court instructed the jury to the effect that if they found from the evidence that at the time of the sale and conveyance of the property described, it was understood and agreed between plaintiff and defendants that plaintiff assumed and agreed to pay the taxes assessed against the property for the year 1909 as part consideration of the purchase price of the property, their verdict should be for defendants. This was duly excepted to by plaintiff.

The jury returned a verdict in favor of defendants, from which, after interposing a motion for a new trial

179 App. 12

and excepting to that being overruled, plaintiff has duly perfected its appeal to this court.

There is but a single question for determination in this cause, namely, the correctness of the action of the trial court in admitting parol evidence of the alleged agreement between the parties, made at or immediately prior to the execution and delivery of the deed, that plaintiff, in addition to the consideration named in the deed, had, as part of the consideration, verbally agreed to pay the taxes for the year 1909, those taxes then a lien on the property. The contention of learned counsel for appellant, while conceding that it is admissible to show the real consideration for the deed, so long as it affects only the consideration, is, that such evidence is not admissible if it has the effect of contradicting the warranty in the deed itself, and it is claimed that such is the effect here. It appears by the abstract of the proceedings at the trial that this evidence was admitted by the learned trial judge on the theory that where there are contemporaneous verbal agreements entered into at the same time, one may modify the other; under this theory he held that he would allow the defendants to show, if they could, what the real consideration was. "That," said the court, "does not destroy the deed. It does not affect the validity of the deed." It was under this view of the law that the instruction asked by defendants and above set out was given and that asked by plaintiff refused.

While in the earlier cases the courts, English and American, took the view that the rule of evidence, that a written instrument could not be varied by parol, applied to the consideration clause as well as to other portions of the deed, the later and American view now almost universally adopted, certainly adopted in our State, to give it in its broadest terms, is, that the recitals of a deed as to the consideration, are not a part of the contract, and parol evidence is admissible to

explain, vary or even contradict them. In the great
majority of cases, however, in which the rule has been
stated so broadly, the purpose of introducing the evi-
dence was not to invalidate the deed as a conveyance
or to annul its covenants. Where the introduction of
the evidence will have that effect, the general rule is
that the evidence is not admissible. We take the above
substantially from notes to the case of Shelby v. Cun-
ningham, 81 Ohio St. 289, the note being on page 1195,
25 L. R. A. (N. S.). The first part of this paragraph
is credited by the annotator to 6 Am. & Eng. Ency. of
Law (2 Ed.), p. 767. Reading further in this volume
of the American & English Encyclopedia of Law, at
page 775, following the discussion of the admissi-
bility of evidence to vary the consideration expressed
in the deed or written contract, when the statement of
the consideration is merely the recital of a fact, it is
said: "When, however, the statement of the consid-
eration leaves the field of mere recital and enters that
of contract, thereby creating and attesting rights, as
shown by the intention of the parties to be gathered
from the instrument, it is no longer open to contra-
diction by extrinsic evidence." Jackson v. Chicago,
St. Paul & Kansas City R. R. Co., 54 Mo. App. 636, a
decision of the Kansas City Court of Appeals, the opin-
ion by Judge ELLISON, is cited and quoted from as one
showing the difference between the statement of a con-
sideration in a deed as a mere recital of a fact and as
a contractual stipulation.

Treating on the subject of the admission of parol
or extrinsic evidence to vary deeds and written con-
tracts, the law is thus summarized by accepted author-
ity: "Where a writing, although in the form of a re-
ceipt, also embodies the elements of a contract, it is,
in so far as it expressed the contract or is contractual
in its nature, subject to the same rules as any other
contract, and is not open to contradiction by parol; and
of course the mere fact that a contract, as part of its

terms, acknowledges the receipt of certain money or property does not render the writing a mere receipt." [17 Cyc., p. 632, par. III.]

The same authority further says, pars. f and g, p. 659: "That the consideration to be shown by the parol evidence must be consistent with that stated in the writing, otherwise the evidence cannot be admitted;" and that "where the effect of parol evidence contradicting the consideration expressed in the instrument or showing the true consideration to be different therefrom, would be to change or defeat the legal operation and effect of the instrument, or to add new matter to an agreement complete upon its face, the evidence is not admissible; for in such case it comes within the rule which forbids the introduction of parol evidence to vary, contradict, or defeat a written instrument, and not within the exception to that rule that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the writing."

Recurring to Shelby v. Cunningham, supra, the decision a late one, handed down December 21, 1909, we find the question very fully discussed. The point in decision is compactly stated in the syllabus thus: "The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed, but for every other purpose it is open to explanation by parol proof, and is prima-facie evidence only of the amount, kind and receipt of the consideration."

In Patterson v. Cappon, 125 Wis. 198, an action for damages for the breach of covenants of peaceable and undisturbed possession, the defense was that the grantee had agreed to pay a certain tax over and above the stated consideration. It was held not to constitute a defense, the agreement to pay the tax being extrinsic, by parol, not covered by the conveyance itself, which contained the usual covenants of title, etc. The eviction

occurred under a tax deed given on the sale of the land for these taxes. It is said by the Supreme Court of Wisconsin (l. c. 202), that in order that this outside agreement "should be any defense against the plaintiff's cause of action as above described, it must be construed as impliedly asserting that by extrinsic agreement between the defendant and Debus (plaintiff's grantor) it was stipulated that the former should not covenant or warrant against this incumbrance. Obviously, however, if that fact were established, it could constitute no defense against the plaintiff's action. It would constitute a direct contradiction of the express covenant of the deed, and this cannot be permitted. Defendant refers us to the familiar line of authorities holding that the consideration of a deed is open to examination and proof by parol evidence; also that proof of other elements of the contract involved in the sale and purchase of real estate is not excluded by the deed, for the reason that the instrument is, in its very nature, but an expression or execution of a part of the contract in fact made. But these authorities all recognize the qualification that it is not permissible thus to contradict such parts of the contract as are expressed in the deed itself."

In Stanisics v. McMurtry, 64 Neb. 761, an action to recover for a breach of a covenant against incumbrances in a deed executed by defendant to the plaintiff, it was held that evidence of an agreement made contemporaneous with and as a part of the negotiations leading up to the execution of the deed, should not have been received. Among other authorities cited by the Supreme Court of Nebraska in support of this holding, is that of MacLeod v. Skiles, 81 Mo. 595.

In Simanovich v. Wood, 145 Mass. 180, it is held that in an action for breach of a covenant against incumbrances in a deed of land from the defendant to the plaintiff, oral evidence is inadmissible to prove that at the time the deed was given, and as a part of the

consideration, the plaintiff promised to pay an assess-
ment for taxes then a lien upon the land.

Turning to the decisions of our own courts, we find
them generally in line with the foregoing authorities—
we say generally, because there are a few cases that at
first reading and without careful consideration seem
somewhat out of line.

Thus Laudman v. Ingram, 49 Mo. 212, in which it
is said by the judge who wrote it (1. c. 213) : ''It seems
to me that there is very little conflict in the authorities
that one may prove by parol evidence additional con-
siderations not inconsistent with the one mentioned in
the deed.'' This is repeated at page 214. But if this
is to be taken literally, and without reference to the
covenants in the deed, the authorities almost unani-
mously condemn it. Referring to the consideration, it
is said that ''the balance of such consideration was the
taxes for the current year, which in each case were to
be assessed in the respective names of the grantees and
paid by them.'' It seems that the controversy was
over the payment of these taxes. If the agreement to
pay them was in the deed, as might be assumed from
the language of the judge who wrote the opinion, we
can easily understand what is meant, and in that event
the remark first above quoted is correct and in line
with authority.

In Fontaine v. Boatman's Saving Institution, 57
Mo. 552, Judge WAGNER says (1. c. 561) : ''Whilst it
is true that parol evidence will not be admissible to
vary the effect of the deed, we do not understand that
the deposition of the plaintiff was offered for that pur-
pose. It was simply to show the circumstances and
condition of the parties at the time it was executed,
and rebut the idea that the consideration expressed in
it was ever paid, and for these objects it was properly
admitted. The consideration clause in a deed has only
the force and character of a receipt, and is always
open to explanation and contradiction.'' Necessarily

these remarks are to be applied to the case before the court. There is no intimation here that parol evidence to contradict the stated consideration is admissible, if that evidence destroys the covenants in the deed. That this is the meaning and limitation to be put upon these and the like cases often referred to in support of the broad proposition that you can always attack the stated consideration and that the recital of it in the deed or contract is no more than a receipt, is made entirely clear by what is held by our Supreme Court in MacLeod v. Skiles, supra. There (1. c. 603) it is said: "This suit brings us to a consideration of the question whether it is competent for a party, as in this case, to accept a deed for real estate with an express covenant therein to warrant and defend the title thereto against the claim of every person whatsoever, save and except taxes of 1877, and then turn around and show that the covenantor, by a contemporaneous parol contract agreed to pay the taxes thus expressly excepted by the written contract in the deed so accepted. It is elementary law that upon the execution, delivery and acceptance of a deed or written instrument, all prior or contemporaneous parol stipulations are merged in the deed or writing, and cannot afterward be set up to contradict or vary the same. It is scarcely necessary to refer to elementary authority or adjudged cases to establish so plain and recognized a doctrine as this. . . . There may be cases seemingly at variance with this well-established rule, but when propely considered, they will be found to turn mainly upon questions and principles altogether different from those involved in the case at bar. Such, we think, for the most part, are the cases cited in the brief of plaintiff in error. [Nedvidek v. Meyer, 46 Mo. 600; McConnell v. Brayner, 63 Mo. 461; Laudman v. Ingram, 49 Mo. 212.] These cases properly considered, go to the extent that when it is material to show the amount or character of the consideration of a deed, parol evi-

dence, not inconsistent with that named in the deed, may be received. The question now before us, as we think, is not one as to the character or the amount of the consideration, which is clearly and expressly stated in the deed, but one as to the force and effect of an express covenant in the deed, and the admissibility of parol evidence to contradict or vary the same. The covenant in this deed especially saves and excepts the taxes of 1877. The party cannot accept a deed with such a covenant and escape its force and effect by verbal protestations and stipulations to the contrary. If he does not like the deed with such a limitation he had the right, and it was his plain duty, not to accept it at all. He was not compelled to do so. By its acceptance he abandoned and waived the prior written agreement which called for a general warranty.''

In line with the rule which we draw from the authorities, is the decision of the Kansas City Court of Appeals, in Jackson v. Railroad Co., supra, cited and quoted from in 6 Am. & Eng. Ency. of Law (2 Ed.), note, p. 775, as is also Brown v. Morgan, 56 Mo. App. 382. It is held in this case that where a deed conveying land contains a covenant against incumbrances, evidence of a contemporaneous oral agreement by the grantee to assume an existing incumbrance on the land as a part of the consideration for the conveyance, is not competent. Of Laudman v. Ingram, supra, it is said by Judge ROMBAUER, delivering the opinion, it ''is so meagre in its statement of facts and so indefinite in its statement of the law that we cannot construe it as giving sanction to a proposition which otherwise is devoid of all logical elements.'' So also we say in reference to that case.

The cases bearing on this question are very thoroughly considered by Judge GOODE in See v. Mallonee, 107 Mo. App. 721, 82 S. W. 557. There it is said (l. c. 732), after a very full citation and analysis of the cases, that ''it is thus apparent from a uniform line

of decisions in our State from its earliest days, that it is competent to show the real consideration for a conveyance of land by oral testimony which contradicts the recited consideration, unless the effect of the evidence is to destroy the deed by showing there was no consideration for it, or that the consideration was a good instead of a valuable one, or, unless the named consideration is stated in such a manner as to show the parties intended it to be an essential term of the written instrument.''

The recent case of McDaniel v. United Rys. Co., 165 Mo. App. 678, 148 S. W. 464, while not involving the construction of a deed, does involve that of a written contract. It is there said by Judge NORTONI (l. c. 691): ''The rule is now firmly established that when a statement of the consideration in a contract or deed is merely formal it may be contradicted or explained by parol evidence. In such cases the consideration clause is not deemed an essential part of the instrument, but instead is regarded as a mere recital of fact and as such may be contradicted,'' citing cases. But Judge NORTONI then had in mind and very clearly before him the limitation on this rule, for he continues: ''However, the rule is subject to some exceptions; for instance, one may not be allowed to contradict a consideration expressed in a deed executed by him, to the end of defeating the operative words of the deed. . . . Furthermore, when the statement of the consideration contained in the instrument leaves the field of mere recital and enters that of contract, thereby creating and attesting rights as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction by extrinsic evidence, for to permit it to be thus overthrown would infringe the rule affording immunity from parol attack to written contracts.''

Some point is made as to the effect of section 1874, Revised Statutes 1909. In Wishart v. Gerhart, 105 Mo.

App. 112, 78 S. W. 1094, where that section, then section 645, Revised Statutes 1899, was invoked, it is held that this section does not affect the law of estoppel, and that it affords no aid to a grantor seeking to defeat the conveyancing effect of the deed by showing it was voluntary, nor is parol evidence admissible to alter or contradict the legal construction of the deed.

If we may venture to state the rule we gather from the authorities, some of them rather difficult to understand, and some of them stating the rule broadly or loosely, and so often presenting an apparent conflict, more apparent than real, among the decisions, the rule often stated by others, we would state it thus: Ordinarily you may attack the consideration, but when to do so involves an attack upon the solemn covenants in the deed or contract, that attack resting on a parol agreement, outside of the deed or contract, it cannot be sustained. The great mass of authorities clearly distinguish between the admission of parol evidence to sustain an attack upon the stated consideration and under an attack upon the consideration really make an attack upon the covenants of the deed itself. We have referred to a few—in them will be found reference to the very many cases covering this. We do not think it necessary to cite them.

In the case at bar we have the statutory general warranty deed; the statutory words "grant, bargain and sell," unrestrained "by any expressed terms contained in" the conveyance. [Section 2793, Revised Statutes 1909.] Under this statute these words, so used and without restriction in the deed itself, are to be construed as covenants against any and all incumbrances. In the case at bar we have here presented an attempt to limit that covenant, to restrain it, by an outside agreement resting in parol, no restraints or limitations expressed in the deed itself.

The judgment of the circuit court was therefore pronounced upon a verdict which could only be sus-

tained on evidence which was received contrary to the established principles and rules of law; in effect, evidence of an agreement by parol which would constitute a restraint upon the covenants in the deed, the restraint not expressed in that deed.

The judgment is reversed and the cause remanded, with directions to the circuit court to enter up a judgment for plaintiff for the amount of the taxes and interest or penalties paid, and for interest thereon, after having ascertained that interest, and for costs. *Nortoni* and *Allen, JJ.,* concur.