L. W. HEAGY, Appellant, v. J. F. COX, Respondent.

**St. Louis Court of Appeals, June 8, 1915.**

**CONTRACTS: Explanation of Consideration Clause: Parol Evidence.** The consideration clause of an assignment of a contract, reciting that, "for value received," the contract was assigned, was not contractual in its nature, and hence was open to explanation by parol, so that the assignee, who, by the terms of the assignment, assumed the obligations of the assignor under the contract, had the right to maintain an action to recover an amount which he claimed the assignor agreed to pay him as consideration for the assignment.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED.

*George Munger* and *O. L. Munger* for appellant.

(1) Since this suit is based upon an Indiana contract we think the *lex loci contractus* governs. 9 Cyc.

672; Johnson v. Gawtry, 83 Mo. 339; Kerwin v. Doran, 29 Mo. App. 397. (2) This suit being between the immediate parties the actual consideration can be inquired into by parol. R. S. Ind., 1908, sec. 7464; Rock hill v. Spraggs, 9 Ind. 30; McMahon v. Stewart, 23 Ind. 590; Jones v. Noe, 71 Ind. 368; Levering v. Shockey, 100 Ind. 558; Cuthrell v. Cuthrell, 101 Ind. 375; Hayes v. Peck, 107 Ind. 389; Buscher v. Knapp, 107 Ind. 340; Rabsuhl v. Lack, 35 Mo. 316; Fontaine v. Bank, 57 Mo. 561; McConnell v. Brayner, 63 Mo. 461. (3) The contract sued on was an oral one, only a portion of which was reduced to writing. Hence, the unwritten portion can be proven by parol evidence, and can be enforced at law. Headrick v. Wiseheart, 57 Ind. 129; Singer Mfg. Co. v. Forsyth, 108 Ind. 338; Bever v. Bever, 144 Ind. 157; Lowry v. Downey, 150 Ind. 364; Penn. Co. v. Dolan, 6 Ind. App. 109; Rollins v. Claybrook, 22 Mo. 405; Moss v. Green, 41 Mo. 390; O'Neil v. Crain, 67 Mo. 250; Black R. Lbr. Co. v. Warner, 93 Mo. 374; Harvey Lbr. Co. v. Herriman Lbr. Co., 39 Mo. App. 214. (4) The unperformed portion of the contract sued on is in addition to and consistent with the assignment. Hence, it is provable by parol and enforceable at law. Stearns v. Dubois, 55 Ind. 257; Singer Mfg. Co. v. Forsyth, 108 Ind. 338; Lowry v. Downey, 150 Ind. 364; Maris v. Iles, 3 Ind. App. 579; Laudman v. Ingram, 49 Mo. 212; McConnell v. Brayner, 63 Mo. 461; Hickman v. Hickman, 55 Mo. App. 303; Pickett v. Mercer, 106 Mo. App. 689. (5) Where a written contract does not purport to contain all the stipulations between the parties, parol evidence is permissible to show additional stipulations if not inconsistent with the writing. Singer Mfg. Co. v. Forsyth, 108 Ind. 334; Lash v. Parlin, 78 Mo. 391; Ellis v. Bray, 79 Mo. 227; Gardner v. Mathews, 81 Mo. 627; Miller v. Goodrich Bros., 53 Mo. App. 430. (6) If this contract is not a parol contract with a portion only reduced to writing, as contended in paragraph 3 of this brief, then the

contract sued on is a distinct collateral contemperan-
eous agreement independent of and not varying the
written contract of assignment, and may be shown by
parol and recovered upon.  Bowen v. Bowen, 90 Mo.
184.

*J. L. Fort* and *J. M. Cook* for respondent.

(1) The contract being in writing, and there be-
ing no pretense to fraud, accident or mistake, is con-
clusively presumed to contain the entire agreement
of the parties.  Boggs v. Company, 171 Mo. 282; Dex-
ter v. McDonald, 196 Mo. 373; Jackson v. Company, 54
Mo. App. 636; Metropolitan v. Company, 137 S. W.
633.  The law may or may not have required the as-
signment of this contract to have been in writing, but
whether it did require it or not, it was in fact made
in writing.  And having been reduced to writing the
law not only presumes, but conclusively presumes, that
the written contract is the receptacle for and contained
all the terms of the agreement, and prevents the intro-
duction of parol evidence in any manner to change,
add to or take from the written contract, except where
the written contract itself shows upon its face that
parts of it were omitted therefrom.  Reigart v. Com-
pany, 217 Mo. 154.  There is nothing on the face of the
written contract of assignment, signed by defendant
in writing and accepted by plaintiff in writing which
shows than any part of the contract was omitted
therefrom, hence parol testimony was not admissable
to show prior agreement between the plaintiff and de-
fendant by which defendant promised to pay plain-
tiff $2000 in addition to the consideration specified in
the assignment.  (2) When the consideration specified
in the written assignment is examined in connection
with the consideration specified in the contract as-
signed, it is plain that Cox as the original contractor,
and after him Heagy, his assignee, was to get 5061

shares of the capital stock of the company for paying the debt and erecting the improvements specified in the assigned contract. In other words the consideration is clearly and unequivocally contractual. Mr. Elliot in his work on 1 Evidence, sec. 582, says: "So, the recital of consideration in a writing is generally a mere formal matter, which is regarded as in the nature of a receipt, and may be varied or contradicted by parol evidence. But when these reasons do not apply to the particular written contract in question, as, for instance, when the consideration is contractual, parol evidence thereof is generally inadmissable, the right to introduce parol evidence to vary the consideration expressed in the instrument or to prove that it was never paid does not authorize the introduction of such evidence to defeat or change the contract itself." Laclede Co. v. Freudenstein, 179 Mo. App. 175; Welsh v. Edmission, 46 Mo. App. 282; Blakely v. Benecke, 59 Mo. 193; Montany v. Brock, 10 Mo. 506; Slattery v. Bates, 8 Mo. App. 595; State v. Hoshaw, 98 Mo. 358; Halferty v. Scearce, 135 Mo. 428; Culbertson v. Young, 86 Mo. App. 277; Williams v. Company, 85 Mo. App. 103; Davis v. Gaun, 63 Mo. App. 425; Klein v. Isaacs, 8 Mo. App. 568; Williams v. Company, 158 S. W. 967; Co. v. Grate, 102 N. E. 155; Bluoner v. Schmidt, 146 N. W. 751; Goldenberg v. Taglins, 105 N. E. 883; Gill v. Ruggles, 81 S. E. 519; Luckenbach v. Thomas, 166 S. W. 99; 17 Cyc. 632, 635, 661; Schneider v. Turner, 130 Ill. 28; Stillings v. Timmins, 25 N. E. 50; McCrea v. Purmort, 16 Wend. (N. Y.) 460; Barter v. Greenleaf, 65 Me. 405; Ruggles v. Clare, 26 Pac. 25; Morse v. Shuttuck, 17 Am. Dec. 419; Belden v. Seymour, 21 Am. Dec. 661; Reisterer v. Carpenter, 24 N. E. 371; Baum v. Lynn, 18 So. 428; Gelpcke v. Blake, 19 Iowa, 263; Hendrick v. Crowley, 31 Cal. 471; Jackson v. Company, 54 Mo. App. 636; McDaniel v. Company, 148 S. W. 464; Metropolitan v. Company, 137 S. W. 633.

ALLEN, J.—This is an action to recover the sum of $2000 which it is alleged the defendant agreed to pay plaintiff in consideration of the agreement and undertaking by plaintiff to fulfill, in defendant's stead, the terms of a certain written contract existing between defendant and a corporation, the written contract having been assigned by defendant to plaintiff, the latter assuming all of the obligations of defendant thereunder and becoming entitled to the benefits thereof. The cause was tried by the court without the intervention of a jury, resulting in a judgment for the defendant from which plaintiff prosecutes this appeal.

On December 10, 1906, the defendant entered into a contract in writing with the Grand Valley Land and Mineral Company, a corporation, whereby defendant agreed to do certain irrigation and reclamation work in the State of Utah and to assume and pay certain liabilities of the corporation amounting to approximately $15,000, for which he was to receive a certain amount of the capital stock of the corporation. Defendant did not complete the work under this contract, and did not pay the liabilities of the corporation so assumed by him; and on February 4, 1907, this contract was assigned to plaintiff by the following assignment indorsed thereon, viz:

"For value received the within contract and all of our rights thereunder are hereby assigned, sold and transferred to L. W. Heagy, who, by the acceptance thereof, assumes all our liabilities thereunder. It is the intention however that the contract between the undersigned C. C. Brown and the Grand Valley Land and Mineral Company mentioned in page three of this contract shall remain in force, and said Heagy hereby assumes the carrying out of the same as in said contract agreed by J. F. Cox."

This assignment was signed by defendant and C. C. Brown, named therein, and accepted in writing by plaintiff. Brown was not directly a party to the orig-

inal contract, but was in the corporation's employ and the contract provided that defendant would continue the employment.

Plaintiff's evidence goes to show that the contract between him and the defendant, by virtue of which this assignment was made, consisted of an oral agreement which was never reduced to writing. The testimony adduced in plaintiff's behalf tends to show that the defendant, admitting his inability to carry out the terms of his contract with the corporation, agreed, among other things, to advance and pay to plaintiff the sum of $2000 if the latter would assume all of his obligations thereunder. This appears from plaintiff's testimony and that of two witnesses who were present at the time. Defendant's evidence consists of some brief testimony on his part, and the written contract between defendant and the corporation with the above-mentioned assignment endorsed thereon. Defendant was asked by his counsel whether ''there was ever any consideration passed'' between him and plaintiff other than that mentioned in the written assignment, and he answered: ''There was not.'' This was all of defendant's testimony in chief relative to the transaction, and he was not cross-examined by plaintiff's counsel.

At the close of the case the court gave a declaration of law declaring that ''the consideration expressed in said assignment is, and was, contractual, and that the contractual quality of said consideration must be ascertained by an examination of the consideration expressed in the assignment and in the contract assigned. and if the court shall find from the evidence that the two thousand dollars sued for in this cause was not, and is not, mentioned or described in said contract or assignment nor in said assigned contract, the finding of the court will be for the defendant.''

From this it appears that the court took an erroneous view of the law applicable to the matter in hand, necessitating a reversal of the judgment.

Plaintiff is not suing either upon the written contract between the corporation and defendant, or upon the assignment endorsed thereon. Manifestly the assignment was made pursuant to some agreement between plaintiff and defendant, and it is this that plaintiff seeks to enforce. The assignment does not purport to constitute the full contract between the parties. Its office was merely to formally transfer to plaintiff defendant's rights under the written contract upon which it was endorsed, and to charge plaintiff with defendant's liabilities thereunder. It recites that it was executed by defendant "for value received;" but it does not in fact set forth any consideration flowing from either party to the other. It is true that plaintiff, by virtue of the assignment succeeded to defendant's rights under the contract (the corporation consenting thereto), and that plaintiff's assumption of the liabilities imposed upon defendant by the contract constituted a consideration moving to the latter. But it by no means follows that these were the only considerations present. What was the real contract between these parties, under and by virtue of which defendant executed the assignment and plaintiff accepted it, the writing itself does not disclose. The assignment merely recites that defendant received some consideration for its execution; and in so far as it evidences the contract between plaintiff and defendant the consideration clause thereof is open to explanation by parol. [See Goddman v. Griffith, 238 Mo. l. c. 714, 715, 142 S. W. 259; Bank v. Bank, 244 Mo. 575, 149 S. W. 495; McDaniel v. United Railways Co., 165 Mo. App. 678, 148 S. W. 464.]

This is not a case where the consideration clause of an instrument becomes contractual in its nature, i. e. "leaves the field of mere recital and enters that

of contract, thereby creating and attesting rights as shown by the intention of the parties to be gathered from the instrument,'' and hence is not open to contradiction by extrinsic evidence. [See Laundry Co. v. Freudenstein, 179 Mo. App. 175, 161 S. W. 593; McDaniel v. United Railways Co. supra.] The only writing between these parties is the mere assignment of the original contract by defendant, ''for value received,'' accepted by plaintiff. It is clear that this does not preclude parol proof of the real contract between them.

The judgment is reversed and the cause remanded.. *Reynolds, P. J.,* and *Nortoni, J.,* concur.