**J. F. HARRISON ET AL.**, Appellants, v. WILLIAM MC-GUIRE, Respondent.

Kansas City Court of Appeals, June 15, 1885.

1. CONTRACT—VOID AGREEMENT—CASE ADJUDGED.—A written agreement for the sale of land was made between one Cunningham and defendant, the consideration being certain notes for the purchase

money of said land due by McGuire to Harrison and others, secured by mortgage and the satisfaction of a certain suit against McGuire then pending, he agreeing to execute a deed of general warranty to Cunningham, and to deliver possession of the premises when the notes and mortgage were delivered up to him. The agreement was fulfilled by Cunningham, but under the threat of refusing to deliver the deed he obtained an additional promise from C. to pay the back taxes due at time of sale and at time of delivery of deed. *Held*, this was a mere naked promise and there was no consideration upon which to base it. There was no additional consideration at the time of the new and additional promise to pay taxes. *Landman v. Ingram*, 49 Mo. 212, *distinguished*.

APPEAL from Jasper Circuit Court, HON. M. G. MC-GREGOR, J.

*Reversed and remanded.*

Statement of case by the court.

Defendant sold to one George P. Cunningham a tract of land in Jasper county, by the following written contract :

"Know all men by these presents that the undersigned, George P. Cunningham, of Jasper county, has this day purchased of William McGuire the following described real estate in Jasper county, Missouri, to-wit: The east half of section 23, of township 30, range 30, except two acres sixteen rods east and west by twenty rods north and south, on which Summit school house now stands, for the price of three thousand six hundred dollars, that amount being the value agreed on as the present worth of certain notes executed by said McGuire to Keep, Clampett and J. F. Harrison for the purchase money when sold by Keep and Clampett to said McGuire for said real estate as consideration for said purchase. I hereby obligate myself to pay off and deliver to said McGuire the said notes above described, and satisfy, or cause to be satisfied, the mortgage given by the said McGuire to Keep, Clampett and J. F. Harrison to secure said notes on said real estate. I furthermore agree to have a certain suit in equity now pending in the United States court at Kansas City, Mo., wherein one J. L. Mar-

quis is complainant, and William McGuire and Elizabeth McGuire are defendants, satisfied at the costs of the plaintiff. The said McGuire to be at no expense whatever in this arrangement and negotiation, except to execute and deliver to me a good and sufficient deed of general warranty to the land hereto described, on my complying with this my undertaking—that is to say, I am to deliver up to said Wm. McGuire all the outstanding notes against him which he executed to said Keep, Clampett and Harrison for the purchase money of said farm, to satisfy the said mortgage on said land executed by said McGuire to secure the notes aforesaid, and to cause to be dismissed the said suit in the United States court aforesaid at Kansas City, Mo. This arrangement to be completed within thirty days from this date or as soon as the necessary papers can be had from the owners of said notes to satisfy the mortgage aforesaid. The said McGuire on my compliance herewith to give me immediate possession of said described lands and all the crops thereon.                    GEO. P. CUNNINGHAM."

"Having this day sold to George P. Cunningham the east half of section 23, township 30, range 30, west of the fifth principal meridian, except two acres in the southwest corner thereof, which is sixteen rods east and west by twenty rods north and south, where Summit school house now stands, containing three hundred and eighteen acres more or less, in Jasper county, Mo., for the sum of thirty-six hundred dollars, I hereby bind myself to deliver up to said Cunningham the quiet and peaceable possession of the same, and my deed to the same, whenever all the notes for the purchase money heretofore given by me to Keep, Clampett and J. F. Harrison are delivered up to me, and the mortgage given by me on said land is fully satisfied by the owners of said notes, and the suit against me in the United States court at Kansas City is dismissed at the cost of the plaintiff.

"Witness my hand this 27th day of April, A. D. 1880.
"WM. McGUIRE.
"G. P. CUNNINGHAM.
"Attest: J. R. SHIELDS."

E. C. Devore and D. A. Harrison, for appellants.

"I.  At the time the land was contracted for and sold the expressly agreed consideration was thirty-six hundred dollars.  About thirty days after the land was contracted for and sold, and without any legal consideration, Cunningham, upon refusal of McGuire to deliver deed (C. having fulfilled agreement on his part), agreed himself to pay certain back taxes on the land, due at time of contract of sale and at time of last agreement.  Evidence of said last agreement was admitted against the objection of plaintiffs.

II.  The admission of said evidence was in violation of every elementary principle governing the production of testimony and the well settled rules of practice of this state.  (1) Evidence offered in a cause must correspond with the allegations, and is confined to the point in issue. Best's Prin. Evid., sect. 220, 249 ; 1 Greenl. Evid. (Red Ed.) sect. 51 ; 1 Phil. Evid. (1 Ed.) sect. 3 ; *Green v. Gallaher*, 35 Mo. 226 ; *State v. Roberts*, 62 Mo. 368. (2) Evidence to support a defence not set up in the answer is not admissible at the trial.  *Winston v. Taylor*, 28 Mo. 82 ; *Carrier v. Lowe*, 32 Mo. 203 ; *Huston v. Scale Works*, 56 Mo. 416 ; *Field v. R. R. Co.*, 76 Mo. 614.  (3) The court presented to the jury for trial an issue different from that made by the pleadings.  This was error.  *Capital Bk. v. Armstrong*, 62 Mo. 59 ; *Carson v. Cummings*, 69 Mo. 335 ; *Bullene v. Smith*, 73 Mo. 151.

III.  Evidence of the pretended subsequent promise to pay taxes was not admissible unless set up in the answer.  *Northup v. Miss. V. I. Co.*, 47 Mo. 435 ; *Harrison v. R. R.*, 74 Mo. 364.  Under the issues parol evidence was inadmissible to vary and engraft additional stipulations upon the written contract.  The defence was limited to *the time that the land was contracted for and sold.*  No fraud, mistake, omission, subsequent modification, agreement or additional consideration is set up in the answer.  1 Greenl. Evid., sect. 275.  *Murdock v. Ganahl*, 47 Mo. 135 ; *Bence v. Peck*, 43 Mo. 266 ; *Pearson v. Carson*, 69 Mo. 550.  And no offer to amend was made conforming the answer to the evidence admitted.

IV. The new matter admitted in evidence did not constitute a defence to plaintiff's action. Defendant was already under legal obligation to pay judgments, taxes, and other liens on the land, and to deliver deed containing covenants against all encumbrances. This is not a legal consideration for a promise by the other party, and a promise upon such consideration is not binding. 1 Parsons on Cont. 437; 1 Addison Cont., sect. 4, p. 13; *Johnson v. Sellers*, 33 Ala. 265; *Smith v. Whilden*, 10 Pa. St. 39.

V. The court erred in giving instructions for defendant presenting issues not made by the pleadings and there was no evidence on which to base them. *Ins. Co. v. St. M. S.*, 52 Mo. 480; *Capital B. K. v. Armstrong*, 62 Mo. 59; *Hasset v. Rust*, 64 Mo. 325; *Waldhier v. R. R.*, 71 Mo. 514; *Bullene v. Smith*, 73 Mo. 151.

VI. The court erred in refusing instructions for plaintiff which presented the law and facts and the issues.

JOSEPH CRAVENS with F. S. YAGER, for respondent.

I. There is no cause of action against defendant. If any cause on the covenants ever existed it was in favor of Cunningham and not these plaintiffs. A covenant against encumbrances of this character is a covenant *in præsenti*, and is a mere right or *chose in action*; can only be taken advantage of by covenantee, and does not pass to heirs or subsequent purchasers. Wait's Actions and Defences, vol. 2, p. 372-380; 4 Kent's Com. 471. *Collins v. Gamble*, 10 Mo. 467; *Chamber's Adm'r v. Smith's Adm'r*, 33 Mo. 174; *Cockrell v. Proctor*, 65 Mo. 41. The petition does not state that defendant's grantee ever took or had possession of the land.

II. Under the answer it was proper to permit defendant to prove by parol testimony that the consideration mentioned in the deed was not the only consideration for the land. The contract for the sale of the land was not completed until the notes had been turned over to defendant and defendant's deed delivered to Cunningham; and it appears that the agreement by C. to pay the

taxes sued for was a condition precedent to the delivery of the deed. 1 Greenl. Evid., sect. 284 *a. Bunce, Adm'r v. Beck,* 43 Mo. 286 ; *Miller v. McCoy,* 50 Mo. 214 ; *Wood v. Broadley,* 76 Mo. 23 ; *Landman v. Ingram,* 49 Mo. 212. This last case cited is identical with this and every question raised by appellants is effectually settled in that decision.

Opinion by ELLISON, J.

It was stated in testimony in this case that the land was purchased for plaintiffs and was afterwards deeded to them by Cunningham by general warranty deed.

At the time of the sale to Cunningham and at the time of the delivery of his deed under that sale, there were back taxes due on the lands. Plaintiffs having been compelled to pay these taxes, bring this action on the covenants in the deed.

On trial, the court, against the objection of the plaintiffs, permitted testimony tending to show that at the time of the delivery of the deeds, as required by the written contract of sale, defendant refused to deliver the deed unless Cunningham would agree to pay these back taxes. There was no evidence of any other, further or additional agreement *at the time of the sale,* other than was incorporated in the written contract. Passing by the question that defendant had not the right to evidence of such subsequent agreement, because not stated in his answer, for the answer puts it "at the time the land was contracted and sold to Cunningham," we think the evidence wholly incompetent whether the foundation for it was in the answer or not. The *full* agreement made between the parties had been fulfilled by Cunningham, and after his entire compliance with his agreement, and when defendant was legally bound to deliver him the deed, he, under the threat of refusing the deed, obtains an additional promise that the taxes should be paid. This was a mere naked promise. There was no consideration upon which to base it. Defendant saying he would pay a judgment which existed against him was only agreeing to do what he was bound to do without

reference to Cunningham's undertaking. These are familiar and fundamental principles. *Landman v. Ingram* (49 Mo. 212), does not fit this case. The rule is there correctly laid down that additional consistent considerations may be proved by parol, outside the writing. That is, it must be an additional consideration agreed upon at the *time* of the contract. So in that case, when the land was sold it was agreed that the payment of taxes was a part of the consideration for the land and this was allowed to be proved as additional to what was expressed in the deed. But here there was no agreement or consideration but that mentioned in the writing, and defendant a month afterwards, undertakes to make an additional bargain. If it had been agreed at the time of the sale that Cunningham was also to pay the taxes, but this had been omitted in the contract, the case of *Landman v. Ingram* would be authority for the admission of such proof.

The evidence admitted and the instructions based on it were manifestly improper.

The judgment is reversed and the cause remanded. All concur.