HENRY RABSUHL, Respondent, *v.* JOHN A. LACK, Appellant.

1. *Deed—Consideration—Estoppel.*—The grantor in a deed conveying in fee simple absolute, acknowledging the receipt of the consideration, is not estopped from showing a different consideration from that expressed in the deed.

2. *Statute of Frauds—Pleading.*—The defence of the statute of frauds must be pleaded, or it will not avail at the trial.

3. *Limitations.*—The statute of limitations does not commence running against a demand until the cause of action accrues to the plaintiff.

4. *Demand—Pleading.*—The defence, that no demand was made prior to the institution of the suit, must be set forth in the answer. (R. C. 1855, p. 448, § 34.)

*Appeal from Franklin Circuit Court.*

Respondent instituted this suit to recover a sum of money, alleging in his petition that he was indebted to appellant in two sums of money, secured by deed of trust upon certain real estate, and upon which property also a mechanic's lien existed, the whole amount of indebtedness being about $2,000. That being about to remove from Franklin county, where he then resided, to another locality for greater convenience, should a sale be effected, he agreed with appellant that respondent and wife would make to him an absolute deed, upon the condition that appellant would take up the mechanic's lien, complete the house, and selling the property, pay himself for all advances, and account to plaintiff for the excess; that, subject to this understanding, they conveyed, and appellant had sold the property to one Ruge for a valuable consideration of about $4,000, and respondent prayed for judgment for excess.

The answer admits the several allegations of indebtedness, and that appellant paid off the mechanic's lien and received the absolute deed, but denies that it was upon any condi-

tions, and avers that the deed was, as it purported to be, an absolute sale; and that appellant, treating it as such, had gone on and made other valuable improvements; that upon a settlement had between them at the date of the conveyance, respondent was indebted to appellant in the sum of $59.14, for which he executed his note, and this note appellant set up in counterclaim.

Respondent replied to this counterclaim, that appellant had sued upon it and obtained a judgment before a justice. The case was submitted to the court as a jury, and judgment for $250 rendered in favor of plaintiff. Appellant moved for a new trial, which being overruled, he excepted and appealed.

At the request of plaintiff the court gave the following instructions:

1. If it is in proof that the conveyances from Rabsuhl to Lack for the Washington property were intended by the parties thereto as security for the amount due Lack from Rabsuhl, although absolute upon their face, they are in fact mortgages, and must be treated as such in the settlement of the controversy.

2. If it is in proof that by the agreement of the parties the deeds were executed by Rabsuhl and wife to Lack for the purpose of securing Lack in his advances, and for the further purpose of enabling him to dispose of the conveyed property to pay himself, and hand over the balance or overplus to Rabsuhl, Lack must account for said balance remaining, after deducting his debt and the cost of finishing the main building.

3. Lack is entitled to deduct from the amount received from the sale to Ruge, the amount expended by him in finishing the main building for sale.

The defendant asked the following instructions of which the court gave the 5th, and refused the others:

1. That if the court, sitting as a jury, should believe from the evidence in the case, that the deed from Rabsuhl to

21—VOL. XXXV.

Lack for the property in controversy was an absolute deed, then the court will find the issue for the defendant.

2. That if the court, sitting as a jury, should find from the evidence that the alleged agreement or contract between Rabsuhl and Lack was not to be performed within one year from the date of its execution, then said supposed agreement or contract ought not to be enforced.

3. That if the court should find from the evidence, that Rabsuhl at no time ever made a demand upon Lack for the money sought to be recovered, then the court should find the issue for Lack.

4. That the receipt offered in evidence, and the giving of the note by Rabsuhl to Lack, after the sale and transfer of the property from Rabsuhl to Lack, is presumptive evidence of settlement between them, and that Lack, owed him nothing, and that plaintiff was indebted to Lack for the amount of said note; and in absence of any evidence of a subsequent indebtednees to Rabsuhl, the court should find the issue for Lack.

5. That the circumstances of Lack finishing the Rabsuhl building and repairing the old buildings, directing a new building of such great value on said premises, and that Rabsuhl at no time prior to the commencement of this suit ever having made any demand upon Lack for any balance of supposed purchase money, as well as Lack's continued, open and avowed acts of entire and absolute ownership of property, are strong circumstances to repel the idea that the deed was ever intended to be a mortgage from Rabsuhl to Lack.

6. That if the court, sitting as a jury, should believe from the evidence that more than five years have elapsed since making of the deed from Rabsuhl to Lack, up to the commencement of this action, then the claim is barred by the statute of limitations, and plaintiff ought not to recover in this action.

7. That if the court, sitting as a jury, shall believe from the evidence that Rabsuhl has by his delay and acquiescence in the transactions of Lack, and in his permitting Lack to treat the

property as his own, and erect costly and valuable improvements on the property sold, and by lapse of time Lack has been deprived of the testimony of important witnesses by death or otherwise, in that event it is inequitable and unjust for the court now to interfere and grant the remedy sought in this cause, and in that event the court should find for Lack.

*Jones*, for appellant.

I. There is no equity or law in the bill of complaint.

II. The deed from Rabsuhl to Lack was absolute, and designed to be so.

III. If it was intended to be different and not to be absolute, and Lack was to repair and improve the buildings at his own expense, and for an indefinite period of time and expense, then such a contract should have been reduced to writing.

IV. There is no contract in writing purporting to show that any such improvements were to be erected by Lack, and that the property should afterwards enure to the benefit of plaintiff.

V. There is no tender to defendant by plaintiff, either of the money advanced by Lack to him, or for improvements erected by Lack on the property sold.

VI. This is no mortgage, and not intended to be; for a mortgage contemplates payment by the mortgagor and redemption of the mortgaged property. In this case, there is no pretence that Rabsuhl ever expected to pay Lack the money advanced by Lack; and, therefore, the whole theory upon which the plaintiff expects to recover is swept away, and plaintiff is not entitled to recover upon his own statement.

Again, parol evidence is not admissible to prove that an absolute deed was intended as a mortgage. (Hogel v. Lindell, 10 Mo. 483 ; Montanay v. Rock, 10 Mo. 506.) Parol evidence not admissible without an allegation of fraud or mistake. (Marshall v. Cox, 7 J. J. Marsh. 133.) In Hale v. Jewett, 7 Maine, 435, it is decided that parol proof to show that a

deed of conveyance absolute on its face, was only intended as a security for money lent, is not admissible. (Stanton v. Commonwealth, 2 Dana, 397; Alexander v. Lane, 21 Mo. 536; Slowy v. McMurray, 27 Mo. 113.)

*A. J. P. Garesché*, for respondent.

I. The deed from Lack and wife to Roge by which he disposed of the property, the subject matter of the dispute, was certainly competent *prima facie* evidence of the amount of consideration; but the objection to its admission is general, and not for a specific reason, and will not be considered in this court. (Rosenheim et al. v. American Ins. Co., 33 Mo. 531; Buessemeyer v. Stuckenburg, 33 Mo. 546.)

II. The court properly refused the instructions asked by defendant. The first, because the issue is not if the deed was absolute on its face, but whether it did not create a trust because coupled with a condition. The second, because the statute of frauds and perjuries does not apply to this case. (Tibeau v. Tibeau, 22 Mo. 79.) But if it do, then this defence has been waived by the failure of the defendant to plead the statute. (Bean v. Vallé et al., 1 Mo. 105–6, Gist v. Ewbank, 29 Mo. 249; Gardner v. Armstrong, 31 Mo. 540; Huffman v. Ackley, 34 Mo. 277.) The statute of frauds only applies to those contracts which by their terms cannot be performed within one year, *aliter* if they may be performed within the year. (Foster *v.* McO'Blenis, 18 Mo. 88; Suggett v. Cason's Adm'r, 26 Mo. 225.)

The 3d instruction is erroneous. (Sec. 34, "Costs," R. C. 1855, p. 448.) The 4th because there is no evidence of any receipt, and the instruction is otherwise irregular because assuming facts which it is the province of the jury to decide. The 5th was given, though it should not have been. The 6th instruction is erroneous in limiting the action to five years from the date of the deed in dispute (from Rabsuhl and wife to Lack), instead of five years from the date of Lack's sale of the property. The 7th instruction is erroneous, because it speaks of facts of which no testimony is offered.

No witness speaks of Rabsuhl's acquiescence in Lack's claim of the property as his own; and the defendant's answer dispels such a presumption by assigning as a reason for his surprise at the institution of this suit, that plaintiff had removed from Washington at the date of the sale. Finally, by the assertion that because defendant by death or otherwise had lost important testimony, he was any more entitled to recover.

III. The motion for a new trial was properly overruled; the affidavit for a new trial being insufficient because it showed no diligence. (Robbins v. Alton Ins. Co., 12 Mo. 384; State, use of Jebbe, v. Wightman, 27 Mo. 121; Peers' Adm'r, v. Davis' Adm'r, 29 Mo. 184; O'Connor v. Duff, 30 Mo. 598; Barry v. Blumenthal, 32 Mo. 45.) As to its insufficiency respecting his surprise at the testimony of his own witness—O'Connor v. Duff, 30 Mo. 598. As to its insufficiency on the ground of newly discovered testimony, no ancillary affidavits having been filed—Boggs v. Lynch, 22 Mo. 565; Caldwell v. Dickson, 29 Mo. 229.

BATES, Judge, delivered the opinion of the court.

The plaintiff alleges that he was indebted to the defendant and conveyed to the defendant a house and lot in the town of Washington, upon the agreement that the defendant should finish the house which was then not quite finished, and sell the house and lot, and of the proceeds of the sale should pay himself his debt and pay the surplus to the plaintiff; that the defendant had sold the house and lot for a sum which paid his debt and left a surplus, and prays judgment for the surplus. The defendant denies that the consideration of the conveyance to him was as alleged by the plaintiff; but alleges that the consideration was the sum named in the deed as such, all of which had been paid.

At the trial, after evidence had been given by both parties, the court at the instance of the plaintiff gave several instructions, to the giving of which no exception was taken by the defendant. The court also gave one instruction asked

by the defendant. The court refused six instructions asked by the defendant, and the defendant excepted to the refusal.

No. 1 was properly refused, because it was inapplicable to the case. The petition admitted that the deed was absolute, and sought a recovery for a portion of the alleged consideration.

No. 2 was properly refused. There was no averment or evidence that the agreement was not to be performed within one year.

No. 3 was properly refused. A demand was not necessary. (R. C. 1855, title Costs, art. 1, § 34, p. 448.)

Nos. 4 and 7 were properly refused. The matters recited in them may have been entitled to consideration, as tending to show that the consideration of the plaintiff's deed to the defendant was not the agreement alleged by the plaintiff; but they did not raise any such presumption as to put the plaintiff upon proof of a subsequent promise by the defendant, or recognition by him of the continuance of the original agreement, and certainly did not of themselves disprove the agreement.

No. 5 was given.

No. 6 was properly refused, because it declared that the statute of limitations began to run from the time of the making of the deed from the plaintiff to the defendant, whereas no action accrued to the plaintiff until the sale of the property by the defendant, (the plaintiff having taken no steps to hasten the sale.)

Judgment having been given for the plaintiff, the defendant filed a motion for a new trial, which was supported by his affidavit of surprise at the trial, but it does not comply with the rules in such cases, and is not insisted on in this court.

Judgment affirmed. Judges Bay and Dryden concur.