George W. Jackson, Respondent, v. The Chicago, St. Paul & Kansas City Railroad Company, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1. **Evidence**: CONSIDERATION OF DEED, EXPLAINABLE. It was once the view of the courts that the consideration of a deed could not be shown to be different in amount from that stated, and later it was

held, that while a different amount might be shown, yet a different character of consideration could not be shown; but now it is the holding of nearly all the American courts, that not only the amount of the consideration may be questioned by oral testimony, but the parties are not estopped from showing the character of the consideration to be different from that stated.

2. ——: ——: RECITAL. The considerations of a deed are held to be explainable by parol evidence on the ground that they are to be regarded as mere *recital* and forming *no part of the contract,* and binds the grantor by way of estoppel only that he may not prevent the operation of the deed as a conveyance.

3. ——: ——: CONTRACT. Where the consideration is not a mere inattentive recital of a certain amount of money, common in conveyancing, and the parties will and intended to make the consideration a part of the contract, and affect it with special terms, details and conditions, it binds the parties within the rules of evidence applicable to contracts generally, and, if complete upon its face, it can no more be altered or varied than any other contract.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED.

*W. W. Ramsay, W. A. Blagg,* for appellant.

(1) The trial court should have sustained the objection interposed by the defendant to the introduction of any evidence to sustain the issues presented by the pleadings. It appearing that the petition neither charged fraud, accident or mistake; it further appearing that the written terms of the contract between the parties, were set up in the answer and were admitted, as there plead, by counsel for plaintiff in his statement of the case to the jury, a pure question of law was thereby presented to the court. *Harrison v. McCormick,* 89 Cal. 327; s. c., 23 Am. St. Rep. *loc. cit.* 472. Where parties have reduced their contract to writing, it is conclusively presumed, in the absence of fraud, accident or mistake, that such writing includes the

whole engagement of the parties and the extent and manner of the undertaking. And oral testimony is incompetent to extend, limit or vary such written agreement. 1 Greenleaf on Evidence, sec. 275; *Thompson v. Libby*, 34 Minn. 377; *Gilbert v. Stockman*, 76 Wis. 62; *Hills v. Rix*, 43 Minn. 543; *Burch v. Railroad*, 80 Ga. 297; *Martin v. Taylor*, 52 Ark. 389; *Stanhope v. Swafford*, 80 Iowa, 45; *Bowe v. Dotterer*, 80 Ga. 51; *Johnson v. Flanner*, 42 La. Ann. 522; *Miller v. Dunlap*, 22 Mo. App. 101; *Murdock v. Ganahl*, 47 Mo. 135; *Tracy v. Union Iron Works*, 104 Mo. 193; *Jones v. Shepley*, 90 Mo. 307; *Pearson v. Carson*, 69 Mo. 556; *State v. Hoshaw*, 98 Mo. 358; *Wood v. Murphy*, 47 Mo. App. 539; *Morgan v. Porter*, 103 Mo. 135. (2) It was contended at trial and will be claimed here that, as the consideration clause of a deed has but the force and effect of a receipt which is but *prima facie* evidence of its recital, it is always open to extension, limitation, contradiction or variation by parol evidence. In case of a simple deed, whose sole office is to transfer title, and not to state the terms of a written contract between parties, as in *Laudman v. Ingram*, 49 Mo. 212; *Hollocher v. Hollocher*, 62 Mo. 267; *Fontaine v. Sav. Inst.*, 57 Mo. 552; *McConnell v. Brayner*, 63 Mo. 461. There may be some force in such contention. But these and all similar cases cited and relied upon by plaintiff, it is believed, are instances where the deeds in question did not pretend to set forth the terms and conditions of the contract between the parties. *Hall v. Soloman*, 61 Conn. 476; s. c., 29 Am. St. Rep. *loc. cit.* 219. (3) I call attention to the distinction between a simple deed, whose sole office is to convey title and the written contract in case at bar where these parties expressed in plain, written terms the character, extent and manner of their mutual undertakings. Study this distinction in connection with sections 920, 921, vol. 2, Wharton's Evidence

[2 Ed.] and cases cited. See especially, the case of *Purinton v. Railroad*, 46 Ill. 297; *Morgan v. Porter*, 103 Mo. 135; *Tracy v. Iron Works, supra;* Wharton's Evidence, vol. 2, sec. 1040. (4) I submit that, as these parties aimed and attempted to reduce all of the terms and conditions of their contract to writing, and did prepare and execute such writing, and, in absence of fraud, accident or mistake, which is not even charged in this action, such writing is the only repository of the truth, and that all oral evidence of an entirely different contract should have been rejected. This is surely the law; 1 Greenleaf on Evidence, sec. 275; *Pearson v. Carson*, 69 Mo. 550; *Bast v. Bank*, 101 U. S. 93; *State v. Hoshaw*, 98 Mo. 358; *Wood v. Murphy*, 47 Mo. App. 539.

*T. J. Johnston*, for respondent.

(1) The suit is not founded on the deed, nor for the enforcement of any provision or stipulation in the deed, but upon the contract made between the parties, the execution of which on plaintiff's part was simply by the execution of the deed. This was the only object and office of the deed, not to contain the terms of the contract, though defendant's agent, who prepared the deed, saw fit to insert part of the terms of such contract in it. (2) The statement of the consideration in a deed is only *prima facie* evidence of the real consideration. "That statement does not preclude other proof, or even parol evidence of the actual consideration, although it may establish a different one in kind or amount from that mentioned in the deed." *Wood v. Bradley*, 76 Mo. 23, 33; 2 *Louther on Dam.* [1 Ed.], 260, 261 and note 2; *Raub v. Barbour*, 11 Cent. Rep. 717; s. c. 6 Mackey, 245; *Wood v. Moriarty*, 4 N. E. Rep. 269; s. c. 15 R. I. 518; *Kirkland v. Woodware Co.* 68

Wis. 34; *Landrum v. Ingram*, 49 Mo. 212; *McConnell v. Brayner, et al.* 63 Mo. 461-5; *Hollicher v. Hollicher, et al.* 62 Mo. 267, 273-4; *Liebke v. Knapp*, 79 Mo. 26-7; *Goodspeed v. Fuller*, 71 Am. Dec. 572-576; Buckley's Appeal, 88 Am. Dec. 468; *Nedvidek v. Meyer*, 46 Mo. 600-602; *Schemerhorn v. Vanderhaden*, 3 Am. Dec. note 306; *McCrea v. Purmort*, 16 Wend 460 *loc. cit.* 471 *et seq*; *Halliday v. Hart*, 30 N. Y. 474 *loc. cit.* 494-5; *Bullard v. Briggs*, 7 Pick. 533; *Villers v. Beaumont*, 2 Dyer, 146; *Thompson v. Thompson*, 68 Am. Dec. 638, 644; 9 Ind. 323; *Dobyns v. Rice*, 22 Mo. App. 448. (3) A deed is not conclusive of everything contained in it. It is not the only evidence of the consideration upon which it is founded; nor is its recital of a particular consideration a bar to proof of another and entirely different consideration. The only limit set by the best authorities is that a party will not be allowed to prove no consideration in order to defeat the grant, or perhaps to prove a consideration of a different quality, as a valuable consideration where a good one is expressed. *Peck v. Vanderberg*, 30 Cal. 23-4-5 and 26; *Rhine v. Ellen*, 36 Cal. 369; *Goodspeed v. Fuller, supra*; *McCrea v. Purmort, supra*; *Garrett v. Steward*, 1 McCord 514; *Rockhill v. Spraggs*, 9 Ind. 30; s. c. 68 Am. Dec. 607; *Miller v. McCoy*, 50 Mo. 214; *Robinius v. Lister* 30 Ind. 142; s. c. 95 Am. Dec. 674; Buckley's Appeal, 48 Pa. St. 491; s. c. 88 Am. Dec. 468 *loc. cit.*; *McConnell v. Brayner, supra*. (4) The purpose of a deed is to pass the title, not to describe the terms upon which the land was sold, or the mode in which payment was, or was to be, made; and whatever he may insert in such deed as to what he received or was to receive for the land according to the prior agreement, may be in accordance with such prior agreement or not; whatever he declares in this regard is not conclusive upon him; but the other part of the agreement may be

proved, as between the parties, by parol, what it was in fact—what the grantee was in fact to give or to do as consideration for the conveyance. *Collins v. Tillon*, 68 Am. Dec. 398-400; s. c. 26 Conn. 368; *Murray v. Smith*, 1 Duer N. Y. 412, affirmed in *Halliday v. Hart*, 30 N. Y. 494; *Beach v. Packard*, 33 Am. Dec. 185; s. c. 10 Vt. 96. (5) There is no question from the authorities, that an additional consideration or an entirely different one than that expressed in the deed may be proved by parol, when not contrary to that which is expressed. *Betts v. Bank*, 1 Har. & Gill, 175; s. c. 18 Am. Dec. 283 *loc. cit.* 286-7; *Dobyns v. Rice*, *supra*; *Nedvidek v. Meyer*, 46 Mo. 600 *loc. cit.* 602; 1 Greenleaf on Evidence [13 Ed.], sec. 285.

ELLISON, J.—This action is for damages caused by the overflow of plaintiff's lands. The cause of the overflow, as alleged, was the failure of defendant to dig and maintain a ditch on the west side of its railway through plaintiff's lands as alleged it agreed to do as a part of the consideration for a deed for right of way which plaintiff executed and delivered to it; such part of the consideration not being mentioned in the deed, and not charged to have been omitted by fraud, accident or mistake. The consideration mentioned in the deed is two hundred and fifty dollars and that "the said railway company is to provide and maintain for the said grantors, one grade farm crossing, and also one underground cattle pass, and to haul and dump thereat all the stone desired by the said George W. Jackson to pave the approaches to said cattle pass, not exceeding four car loads. The grantors are to do the paving, railway company to haul said stone within six months after its railway is regularly running." It was conceded that defendant had complied with the terms thus

expressed in the deed and that unless plaintiff was permitted to prove the agreement to dig and maintain the ditch as additional consideration to that mentioned in the deed, he could not recover.    Defendant's counsel thereupon objected to the introduction of testimony, on the ground that the consideration, as thus expressed in the deed, was made a matter of contract complete on its face and could not be altered or added to, in the absence of accident, fraud or mistake.    The court overruled the objection, and the trial having resulted in a verdict and judgment for plaintiff, defendant appealed to this court.

The question for decision is whether the consideration as it appears in this deed can be altered, added to, or varied.    Ordinarily, the rule undoubtedly is that the consideration in a written instrument may be varied or added to by oral testimony not inconsistent with the terms of the instrument.    But a proper disposition of the question here calls for an investigation of the reason for this rule.

It was once the view of the courts that the consideration in a deed could not be shown to be different in amount from that stated.    This position was receded from.    It was then held by many that while a different amount from that stated might be shown as the real consideration, yet the character of the consideration could not be shown to be different.    This position was also overthrown; so that now it may be stated as the holding of nearly all the American courts, that not only the amount of the consideration may be questioned by oral testimony, but the parties are not estopped from showing the character of the consideration to be different from that stated.    *Hollocher v. Hollocher*, 62 Mo. 267; *Landman v. Ingram*, 49 Mo. 212.    As in the case of *McCrea v. Piermont*, 16 Wend. 460, where the consideration was money it was permitted to be shown to

have been iron. I will remark, parenthetically, that I make no reference here to the fundamental divisions of consideration. As whether when one kind of consideration is stated, as for instance a *valuable* consideration you would be permitted to show a *good* consideration, as natural love and affection.

The reason assigned by these adjudications was that the consideration in a deed is to be regarded as merely *recital* and forming *no part of the contract.* Its binding force upon the grantor is by way of estoppel only that he may not prevent the operation of the deed as a conveyance of the property. As was said by COLLAMER, J., in *Beach v. Packard,* 10 Vermont 96, he must abide by his deed though he never actually receives the consideration. A statement of consideration is not a necessary requisite to the validity of a deed. If it omits to state a consideration it is not evidence that none passed; and does not prevent testimony showing that there was a consideration and, if necessary, what it was. The statement of the amount of the consideration in a deed and the acknowledgment of its payment is no more than a receipt. It is but the statement of a fact, which as before said, is not necessary to the operative effect or validity of the deed as a conveyance of the title. And like a receipt is *prima facie* evidence of what it states, but by no means conclusive; except that there was *some* consideration. *Gulley v. Grubbs,* 1 Marsh. J. J., 387; *McCrea v. Piermont, supra*; 1 Herman on Estoppel, 761.

It works no estoppel as to amount or character, for, as before stated, it is mere recital and is not *intended to be contractual,* or to be relied upon as between the parties. And the same principle applies to ordinary written contracts. Bishop on Contracts, sec. 75. In order that estoppel may be applied to a recital "it must be shown that the object of the parties was to make

the matter recited a fixed fact, as the basis of their action." *Hays v. Askew*, 6 Jones (N. C.) 63; Bigelow on Estoppel, 382, 383. An *intention* should appear that the statement was not to be questioned. Bigelow on Estoppel, 382.

This then being the reason of the rule, can it be successfully maintained that the parties, *if they so will and intend,* cannot make the consideration a part of the contract and affect it with special terms, details and conditions so as to bind the parties within the rules of evidence applicable to contracts generally? I think it cannot be so maintained. All written contracts, complete and definite, speak for themselves and they cannot be altered, added to or subtracted from by oral testimony. This is an absolute rule of evidence adopted from motives of policy and founded upon the experience of mankind in dealing with the "slippery memory" of men. So that it must follow that if parties express their contracts, as to the consideration, in terms which show that it is a contract, then, if complete upon its face, it can no more be altered or varied than any other contract. Whenever the statement of the consideration leaves the field of mere recital and enters into that of contract, as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction. This may be illustrated: Suppose the consideration in a deed should be: "In consideration of the sum of one thousand dollars to be paid to me in beef cattle weighing not less than one thousand two hundred pounds each, at five cents per pound." Would it be contended that a consideration thus expressed contractually could be orally shown to be other than as expressed? So in the case of *McCrea v. Piermont, supra,* where, though the consideration was expressed to be in money, it was held that it could be shown to be iron of certain quality; if the fact had been the

reverse of this and the consideration had been stated to be of a certain quality and quantity of iron, would it have been competent to show, in contradiction of this, that it was to be a given sum of money? I think not. For the reason that the mere statement of a certain amount of money, without more, as the consideration, is inattentive recital, common in conveyancing, of a consideration in most general use. It is thus spoken of in the books and adjudications. But when this common form of expression, thus reciting a sum of money, the medium of exchange which is generally used as the consideration, is departed from and an unusual provision inserted, thereby evidencing a contractual intention, it is as binding as any other contract.

But money may also be contracted for as the consideration in a written contract. And when the intention to so contract is disclosed by the written instrument, no other or additional consideration can be shown. Thus, suppose that the consideration was stated in the written contract to be "one thousand dollars to be paid as follows: Two hundred dollars in six months from date without interest; four hundred dollars in twelve months from date with three per cent. interest; and four hundred dollars in eighteen months from date with ten per cent. interest from maturity; all to be secured by a mortgage" on certain described property. Could it be shown in contradiction to this that the consideration agreed upon was fifty head of cattle or an additional sum of money? Clearly not. The reason is that it has been contracted otherwise by the parties and that contract has been reduced to writing. Bigelow in his work on Estoppel 471, says (italics mine) that "parties may by *apt terms of contract* bind themselves not to question an acknowledgment of receipt of money. * * * And that an acknowledgment of receipt of money or commodities, *not clearly agreed in the writing to be*

*binding as a contract, or as the basis of a contract,* is not generally conclusive evidence between the parties of the facts stated, is well settled." If the rule of law was not as I·have herein endeavored to show it to be, one would be utterly unable to protect himself against faulty memory, misunderstanding, or intentional perjury.

What I have said is amply supported by standard authority. Thus it is said that "Where the recital involves a contract, it estops; if it does not involve a contract, it operates only as a unilateral general admission, and is open to explanation." 2 Wharton Ev., sec. 1040. Again that author says, in·speaking of the right to vary a written document by parol evidence, that the question depends upon whether the terms therein are uttered dispositively, *i. e., for the purpose of disposing of rights,* or non-dispositively, not for the purpose of disposing of rights. In the former case, "new ingredients cannot be by parol added to such documents." Sec. 920, 921. So in *Puriton v. Railroad,* 46 Ill. 297, where the right of way for a railroad company was contracted for by an instrument reciting, "that in consideration of the company having undertaken to build their road, and in consideration of one dollar, and building a side-track on some portion of the tract," the land owner was to convey the right of way. It was held that parol evidence was not admissible to add to this consideration the further stipulation that the company should fill up a sluice on the land west of the line of road.

It is clear that the deed in this case shows a contract between the parties as to the consideration, and that therefore, in keeping with the foregoing views, such consideration cannot be varied, altered, or added to by oral testimony. Defendant's objection should have been sustained. The judgment is reversed. All concur.