E. F. HARRINGTON, Respondent, v. KANSAS CITY CABLE
RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Release:** CONSIDERATION: PAROL EVIDENCE. A consideration in
the release set out in the opinion may be inquired into by parol evi-
dence and an additional consideration shown, since the release bears
no evidence that the consideration was considered and developed into
a contract by the parties.

2. **Master and Servant:** TERM OF EMPLOYMENT: CONTRACT. Where
the terms of a contract were that the employment should be steady
and constant as long as plaintiff should properly do the work and is
based on a consideration such as the release for damages for per-
sonal injuries, it can not be terminated at the will of the defendant
but only according to the terms of the contract. Cases discussed and
distinguished.

3. ———: CONTRACT: FRAUDS AND PERJURIES. Contracts of employ-
ment that may be performed within a year do not come within the
inhibition of the statute of frauds against contracts not to be per-
formed within a year; and a contract for the employment of plaintiff
for a period as long as he shall properly do his work is not within
such inhibition.

4. **Appellate Practice:** GENERAL VERDICT: EXCESSIVE DAMAGES.
The verdict in this case can not be set aside because it was a general
one, since that point was not considered in the trial court, nor because
it is excessive, since a proper *remittitur* has been made.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W.
HENRY, Judge.

AFFIRMED.

*A. F. Smith* and *Karnes, Holmes & Krauthoff* for
appellant.

(1) The trial court should not have permitted the
introduction of any testimony to show any parol contract
for future employment between the parties to this case.

*McLeod v. Skiles*, 81 Mo. 595, 603; *Brown v. Morgan*, 56 Mo. App. 382, 387; *Hickman v. Hickman*, 55 Mo. App. 303; *Tracy v. Iron Works*, 104 Mo. 193; *Jackson v. Railroad*, 54 Mo. App. 636; *Mateer v. Railroad*, 105 Mo. 320, 354. (2) If there was any oral contract for future employment, it was for an indefinite time, and was, therefore, terminable at the will of either party. *De Briar v. Minturn*, 1 Cal. 450; *Durgin v. Baker*, 32 Me. 273; *Harper v. Hassard*, 113 Mass. 187; *Finger v. Brewing Co.*, 13 Mo. App. 310. (3) The verdict was manifestly excessive. (4) The jury erroneously returned a general verdict when there were two separate causes of action, and two counts in the statement. *Owens v. Railroad*, 58 Mo. 386; *Bricker v. Railroad*, 83 Mo. 391, 394; *Strickland v. Quick*, 45 Mo. App. 611.

*C. H. Kirshner* and *B. T. Buchanan* for respondent.

(1) The trial court committed no error in admitting evidence of the parol contract for future employment. *Jackson v. Railroad*, 54 Mo. App. 642; *Laudman v. Ingram*, 49 Mo. 213; *Brown v. Morgan*, 56 Mo. App. 382; *Moss v. Green*, 41 Mo. 389; *McConnell v. Brayner*, 63 Mo. 461; *Rabsuhl v. Lack*, 35 Mo. 316; *Nedvideck v. Meyer*, 46 Mo. 601; *Hickman v. Hickman*, 55 Mo. App. 303; *Life Ass'n v. Cravens*, 60 Mo. 388. *The Penna Co. v. Dolan*, 6 Ind. App. 109; *Oglebay v. Corby*, 96 Mo. 285; *Norfolk & W. R'y Co. v. Prunnell*, 3 S. E. Rep. (Va.) 95; *Morgan v. Griffith*, L. R. 6 Ex. (2) Plaintiff's second assignment of error is unavailing because not reserved in the court below. But there is really little occasion to invoke rules of practice against a proposition so entirely without merit. The agreement, as alleged in the bill of particulars and established by the evidence, amounted to a contract that

plaintiff should be given employment for life, as long as he properly performed the labor to which he was assigned; and provided that in case he failed to give satisfaction, he was to be warned, and then if his work continued unsatisfactory, he was to be discharged. *Norfolk & W. R'y Co. v. Prunnell, supra; The Penna Co. v. Dolan, supra; Revere v. Boston Copper Co.*, 15 Pick. 351; *Grinnell v. Kiralfy*, 62 N. Y. S. 423; *Hydecker v. Williams*, 18 N. Y. S. 586; *Sedden v. Rosenbaum*, 9 S. E. Rep. (Va.) 326; *Wallace v. Floyd*, 29 Pa. St. 184; *Bank v. Albright*, 36 Pa. St. 367; *Vail v. Mfg. Co.*, 32 Barb. 564. (3) The verdict was not excessive. "The objection that the verdict is excessive may be obviated by a remittitur in the appellate court." *Schnabel v. Betts*, 1 S. Rep. (Fla.) 692. (4) The fourth and last assignment of error is, that the jury erroneously returned a general verdict, when there were two separate causes of action, and two counts in the statement. To this we have only to say: The objection was not made in the court below, either at the trial or thereafter, and is not, therefore, available here. "Only such exceptions as have been expressly decided by the trial court may be grounds for reversal." *Green v. Walker*, 99 Mo. 68; *Parks v. Hilton*, 99 N. Y. 518; *Raggenkamp v. Hargreaves* (Neb.) 1894; 58 N. W. Rep. 162; *Smith v. Railroad*, 92 Mo. 359; *Ibers v. O'Donnell*, 25 Mo. App. 120; *Brooking v. Shinn*, 25 Mo. App. 277; *Pucket v. Railroad*, 25 Mo. App. 650. (5) The error, if any, could not "materially affect the merits of the action," and for harmless error the court will not reverse the case. R. S. 1889, sec. 2303; *Erwin v. Springfield, etc.*, 24 Mo. App. 145; *Valle v. Picton*, 91 Mo. 207; *Gordon v. Eans*, 97 Mo. 587; *Mfg. Co. v. Mitchell*, 38 Mo. App. 321; *Strickland v. Quick*, 45 Mo. App. 611.

VOL. 60—15

ELLISON, J.—Plaintiff, who was an employee of defendant, suffered personal injury while engaged in such employment. Afterward he executed to defendant the following release of all claim or action for such injury:

"Know all men by these presents: That I, Edward F. Harrington, of Kansas City, Missouri, for and in consideration of the sum of thirty and no one-hundredths dollars, to me paid by the Kansas City Cable Railway Company, the receipt of which is hereby acknowledged, do hereby release and forever discharge said Kansas City Cable Railway Company, its successors and assigns, from all actions, causes of action, suits, controversies, claims and demands whatsoever, for or on account of injuries received by me on the 11th day of September, A. D. 1892, while I was coupling cars at Twenty-ninth and Summit street, and my collar bone was broken.

"In testimony whereof, I have hereunto set my hand and seal the day and year herein first above written.        E. F. HARRINGTON.        [SEAL]"

Plaintiff alleges that there was an additional consideration to that mentioned for the release, viz.: That defendant should give him "steady and constant employment on said railway system at forty dollars per month, for as long a period as plaintiff should properly do his work so assigned to him." The present action is based on a breach of this agreement, plaintiff alleging defendant gave him a few days employment and then, without cause, discharged him. Plaintiff recovered judgment.

The first objection to the judgment is that it was error to allow plaintiff to prove any additional consideration to that mentioned in the written release, since, as is contended, it varied and altered the terms of the

writing. We are of the opinion that the objection is not well taken. It is a well settled law of this state that a stated consideration in a deed may be varied and added to by showing a different as well as additional consideration. *McConnell v. Brayner*, 63 Mo. 461; *Fountain v. Boatman Sav. Inst.*, 57 Mo. 561; *Rabsuhl v. Lack*, 35 Mo. 316. And so of a bill of sale. *Nedvidsk v. Meyer*, 46 Mo. 601. And the same principle applies to ordinary written contracts. Bishop on Contracts, sec. 75.

The written release here considered does not present the question decided in *Jackson v. Railroad*, 54 Mo. App. 636. We there held that while the recited consideration in a deed might be varied by parol, yet that when the consideration appeared from the instrument to be contractual, and not merely matter of recital, that it could not, in the absence of fraud, accident or mistake, be varied by oral evidence of other or different considerations. A consideration which is merely recited and of which the writing bears no evidence of its having been a matter of contract between the parties works no estoppel against the party seeking to show a different consideration. *Jackson v. Railroad, supra,* and this is the character of consideration expressed in the release now being discussed. It bears no evidence of having been a subject considered and developed into a contract by the parties. It clearly falls within the general rule stated.

It is next objected that the oral contract was for an indefinite time of employment, and, therefore, determinable at will. We are of the opinion that this objection is likewise unsound. The plaintiff was, before his injury by defendant, engaged in labor upon defendant's street railway; the defendant being a corporation exercising its franchise in operating such railway. The terms of the employment were that it

should be steady and constant so long as plaintiff should properly do the work. We will concede that this may mean, or come to mean, under its terms, employment for and during the plaintiff's life. But this would not make the term of employment indefinite or uncertain in a legal sense, since that is certain in law which depends upon a certain event. It may be freely conceded that a hiring for an indefinite time is a contract determinable at the will of either party. Such might be the construction of a contract for steady and constant employment where the sole consideration for the employment was the services rendered during the current time of the employment. But if that should be granted, it is not this case. Here the plaintiff had a valuable cause of action against defendant, which he released in consideration that he would receive constant and steady employment at work so long as he did it well. The consideration is not only the work well done during the course of the service, but a valuable consideration relating to the length of the service. To borrow an illustration from the case of *The Pennsylvania Co. v. Dolan*, 6 Ind. App. 109. Suppose this plaintiff had paid defendant $500 in money in consideration that defendant would give him employment so long as he performed his work faithfully. Would it, in such case, be contended that defendant could receive and keep the $500, hire plaintiff for a day or two and then discharge him without cause? The plaintiff by surrendering his cause of action against defendant has rendered it a consideration which has caused to arise on defendant's part an obligation to give him constant employment so long as he performs the service well and faithfully. The case of *Pennsylvania Co. v. Dolan, supra*, is much like the case before us and it seems to us to meet, in a satisfactory

manner, the principal exceptions taken to the contract here relied upon.

In *Revere v. Boston Copper Co.*, 15 Pick 351, the defendant, a corporation, contracted to employ plaintiff "during the time for which the corporation was established" and that plaintiff "shall well and faithfully serve the corporation at an annual salary of $1,500, and that in case of death of plaintiff, or his refusal to perform his agreement, the corporation should be discharged of all obligations." The court in that case showed that the life of the corporation would continue until terminated by law, and that as it had not been so terminated, the engagement to serve the corporation during its existence was for an indefinite time, determinable on the dissolution of the corporation in a mode fixed by law. "The stipulation of the corporation is, to pay the salaries to plaintiff and the other individual, so long as they shall continue to perform their part of this agreement. *This, without any further provision*, must render the contract determinable by the death of the plaintiff, or by any failure to perform his part of the contract." The contract in that case contained the further provision that in case of death of either the plaintiff or the other employee, the corporation should be discharged except as to the survivor, but the court did not depend upon this circumstance to hold that the contract was one for the life of the plaintiff if he continued to perform faithful and competent service, as is shown by the words which we have italicized in the foregoing quotations.

We have had our attention called to some cases where it was decided that a contract for an indefinite time could be terminated at will by either party. In *Dungan v. Baker*, 32 Maine, 273, the contract was for six months at $13 per month, "if the parties could agree." In *DeBriar v. Minturn*, 1 California, 451, the employment as a bartender was for no time named, directly or in-

directly, except that plaintiff was to receive "$300 per month for his services," and to be allowed the privilege of occupying a room so long as he remained in the plaintiff's (defendant's) employ. Plaintiff was discharged and then ejected from the room he was occupying. He brought suit for damages for being ejected. The court held that he had no cause of action. In *Harper v. Hassard*, 113 Mass. 187, the hiring was "during the term of not exceeding three years from date." The court held this not to be an engagement to keep plaintiff for three years, and could be terminated by defendant on reasonable notice at any time during the three years.

Those cases were each properly decided. But, as we have endeavored to show, the case at bar is not of the class to which they belong. The result of our views is, that we regard the oral contract alleged to be a valid contract.

The statute of frauds does not apply to this contract. Since, by interpretation of the courts, that statute refers only to contracts, which by their terms are not to be performed within a year. Those contracts which may possibly be performed within a year, are not covered by the statute. In this case, the death of the plaintiff within a year, would have worked a full performance, and that possibility, it has been held, will save a contract from the terms of the statute. *Foster v. O'Blenis*, 18 Mo. 90; *Suggett v. Carson*, 26 Mo. 221.

Objection is made that there is a general verdict when there are two counts representing separate causes of action. This point was not made in the trial court and will not be considered here.

Objection is further taken, and is well founded, that the verdict is excessive, as the record stands, in the sum of $50. Plaintiff offering to remit this sum, the judgment will be affirmed, less that amount. All concur.