BETTIE C. WYNN, Respondent, v. ROBERT M. FOLLOWILL, Appellant.

Kansas City Court of Appeals, February 16, 1903.

1. Frauds and Perjuries: PERFORMANCE WITHIN A YEAR: HELP TO CARE FOR INFANT. A contract to furnish hired help for the purpose of keeping and caring for an infant may be terminated ·within a year by the death of the infant, and is not within the· statute of frauds though expressed to be for a longer period than one year.

2. Evidence: ANIMUS: CAUSE OF BRINGING SUIT: Plaintiff was asked on her cross-examination if she would have brought the suit if defendant had permitted her to keep the child, and answered: "Had defendant done what he promised I would never have brought it," and the facts appearing in the record are examined and do not show that defendant was injured by the failure of the plaintiff to answer repeated questions.

Appeal from Maries Circuit Court.—*Hon. J. E. Hazell,* Judge.

AFFIRMED.

*Thos. M. & Cyrus H. Jones* for appellant.

(1) The petition stated an agreement made on the 15th day of November, 1897, to furnish hired help from the said 15th day of November to August, 1900, a contract not in writing which requires over two years and eight months for its performance. It is, therefore, non-enforcible and defendant's objection should have been sustained. Pitcher v. Wilson, 5 Mo. 46; Atwood v. Fox, 30 Mo. 499; Schultz v. Tatum, 35 Mo. App. 136. (2) Under the settled law of this State, the contract as pleaded in plaintiff's petition, being a verbal one was within the statute of frauds and void and defendant's objection should have been sustained. Pitcher v. Wil-·son, 5 Mo. 46; Atwood v. Fox, 30 Mo. 499; Schultz v.· Tatum, 35 Mo. App. 136; Blenton v. Knox, 3 Mo. 342; Scroggin v. Blackwell, 36 Ala. 351; Cook v. Redman,

45 Mo. App. 397; Drummond v. Burril, 13 Wend. 307; Broadwell v. Getman, 2 Denio 87.

*Crites & Garrison, C. D. Corum,* and *J. W. Terrill* for respondent.

ELLISON, J.—This action is for damages resulting by defendant's failing to furnish plaintiff with a domestic servant to assist plaintiff in caring for defendant's infant child. The judgment in the trial court was for plaintiff.

It appears that plaintiff is the child's grandmother and that defendant's wife died leaving the infant then only a few days old. The evidence in behalf of the plaintiff tended to prove that she took the child to her own home to care for it, on the understanding and agreement that defendant would furnish to her a girl who would assist her. The evidence for plaintiff further tended to show that defendant failed to wholly perform his agreement. The original petition was based on an alleged agreement to pay plaintiff for her labor and expense in taking care of and maintaining the child. There was, however, afterwards filed an amended petition, which declared on a contract to furnish the domestic aforesaid. *No objection* was made to the amendment by defendant and he filed his answer thereto. The defendant then took the position at the trial that the petition showed an agreement void under the statute of frauds, and the plaintiff got leave to make two amendments by interlineation, the intention being to so change the statement of the case as to remove the objection based on the ground of the statute of frauds. Defendant objected to these last amendments. But as, in our opinion, the amended petition, with or without the interlineations, did not state a contract which could be affected by that statute, we need not notice the objections to them.

The amended petition, according to defendant's claim, stated a contract for the furnishing of "hired help" to plaintiff for the purpose of keeping, supporting and caring for the infant for a period of two years and eight months.   Defendant contends that the contract was, therefore, one not to be performed within one year, and void.   It is agreed on all sides that the contract was based upon the care and support of the child. If the child should cease to live, the contract, of course, terminated.   So, notwithstanding the contract, in point of time, was for a period of more than one year's duration, yet it was necessarily based on the life of the child, and as that might end within a year, the statute of frauds does not apply.   Foster v. McO'Blenis, 18 Mo. 90.   In Harrington v. Railway, 60 Mo. App. 223, we held that a verbal contract to employ one for as long a period as he should properly do his work was not within the statute, since if he died within a year, the contract would end.   The same rule, as applicable to a variety of cases, is stated by Lawson's Contracts, sec. 74.   And so it is made plain, as applicable to the present controversy, by the various illustrations in the following cases: where the verbal contract was that a railway company would issue annually to plaintiff and his family a pass for a period of ten years (Railway v. Wood, 88 Tex. 191); where the verbal contract was to sell certain stock at the end of three years, with an *option* to the purchaser to call for it *at any time* (Seddon v. Rosenbaum, 85 Virginia 928) ; and where the verbal agreement was that a railway company would maintain cattle guards on the plaintiff's premises so long as it should operate its road through them (Railway v. Whitley, 54 Ark. 199.

The foregoing virtually disposes of the case, for defendant's attack on the judgment is based almost entirely on the statute.   We regard the evidence in plaintiff's behalf as ample to sustain the verdict.   And af-

ter going over the instructions we conclude that there is no substantial objection to them. They completely cover every issue in the case, which is all that should be asked.

Criticism is made of the court's ruling on a question asked plaintiff on her cross-examination, which we think is not justified by the record. Defendant claims that the court refused to allow him to ask plaintiff if she would have brought this action if defendant had permitted her to keep the child. The record shows that question to have been asked and answered: "If Robert [defendant] had done what he promised me to do I never would have brought it." Then after repeating the question one or more times without getting an answer, counsel again asked it and an objection thereto was sustained. Counsel then began on another subject when the court interrupted with the statement that the court had not exactly understood just what counsel was endeavoring to show and said "you may ask her any question you like to show the animus that prompted her." But the matter was not further pressed. It is apparent that this branch of the record affords defendant no just ground of complaint.

We are satisfied that there is nothing in the record which in any way improperly affected the substantial merits of the case and the judgment will be affirmed. All concur.