SCHMEIZER, Respondent, v. CENTRAL FURNI-
TURE COMPANY, Appellant.

St. Louis Court of Appeals, December 15, 1908.

1. MASTER AND SERVANT: Fellow-Servant: Vice-Principal. The power to employ and discharge workmen is not the only test by which to determine whether the relation of fellow-servant or master and servant exists. Where one has power to direct the operations of employees and look after the master's business, he is vice-principal no matter by what name he is called.

2. ————: ————: Negligence of Fellow-Servant. A vice-principal was directing the work of taking out floors and shelving in the second story of a building and the throwing of the lumber from the window. An employee was on the ground removing and piling the lumber as it was thrown out. A workman under the immediate direction of the foreman threw a plank from the window in such a careless manner as to injure the employee on the ground. The vice-principal did not direct the manner of throwing that particular plank. Held, the injury was caused by the negligence of the fellow-servant and not by the negligence of the vice-principal, there being no allegation of proof that the master had been negligent in employing the workmen who caused the injury.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

REVERSED.

*Jones, Jones, Hocker & Davis* for appellant.

(1) The court erred in refusing to direct a nonsuit and in refusing to give defendant's instructions, in the nature of demurrers to the evidence, offered at the close of plaintiff's case and at the close of all the evidence in the case. Ryan v. McCully, 123 Mo. 636; Card v. Eddy, 129 Mo. 510; Jones v. Railroad, 178 Mo. 528; Livengood v. Lead & Zinc Co., 179 Mo. 229; Fogarty v. Transfer Co., 180 Mo. 490; Bokamp v. Railroad, 123 Mo. App. 270. (2) Plaintiff and Kramer were fellow-servants, and the court erred in refusing to so instruct the jury as requested by defendant. Lee v. Bridge Co., 62 Mo. 565; Marshall v. Schricker, 63 Mo. 310; Relyea v. Railroad, 112 Mo. 86; Glover v. Nut Co., 153 Mo. 342; Hawk v. Lumber Co., 166 Mo. 121; Stephens v. Lumber Co., 98 Mo. App. 365; Stocks v. Transit Co., 106 Mo. App. 129. (3) Defendant was not negligent. Defendant performed every duty which the law and circumstances imposed upon it. There was no neglect of any duty which the defendant owed plaintiff; the negligence, if any, was in the performance of the work by a servant of defendant, for whose act defendant is not liable. Schaub v. Railroad, 106 Mo. 87; Grattis v. Railroad, 153 Mo. 380; Jones v. Railroad, 178 Mo. 544; Zellars v. Light Co., 92 Mo. App. 107. (4) Plaintiff assumed the risk. Schroeder v. Railroad, 108 Mo. 322; Ross v. Railroad, 112 U. S. 383; Railroad v. Baugh, 149 U. S. 368; Railroad v. Keegan, 160 U. S. 259. (5) Plaintiff's own negligence was the cause of his injury. (6) The court erred in giving plaintiff's instruction 1 over the objection and to the prejudice of defendant. Clark v. Hammerle, 27 Mo. 70; Fitzgerald v. Hayward, 50 Mo. 516; Sullivan v. Railway Co., 88 Mo. 182 and cases

therein cited; Flynn v. Bridge Co., 42 Mo. App. 529; Voegeli v. Granite Co., 49 Mo. App. 643; Garden Co. v. Railroad, 64 Mo. App. 312; Brown v. L. & L. Co., 65 Mo. App. 166; Mallmann v. Harris Bros., 65 Mo. App. 134; Herbert v. Boot & Shoe Co., 90 Mo. App. 305; Borden v. The Falk Co., 97 Mo. App. 570 and cases therein cited; Wojtylak v. Coal Co., 188 Mo. 283.

*James J. O'Donohoe* for respondent.

(1) Kramer, who threw the timber, and respondent worked in different departments and hence were not fellow-servants. Koerner v. Car Co., 209 Mo. 141. Koetting, who ordered Kramer to throw the timber into the yard, was vice-principal. The "dual capacity doctrine" obtains in this State. Fogarty v. Transfer Co., 189 Mo. 490; Bane v. Irwin, 172 Mo. 306; Foster v. Railroad, 115 Mo. 165; Russ v. Railway, 112 Mo. 45; Rigsby v. Oilwell Supply Co., 115 Mo. App. 297; Miller v. Railroad, 109 Mo. 350; Dayharsh v. Railroad, 103 Mo. 570; Donnelly v. Aida Mining Co., 103 Mo. App. 349; Strode v. Conkey, 105 Mo. App. 14; Bien v. Transit Co., 108 Mo. App. 399; Packet Co. v. Hill, 122 Fed. 246; House Wrecking Co. v. Birney, 117 Fed. 72; Mining Co. v. Muset, 114 Fed. 66; Railroad v. Ross, 112 U. S. 377. Even if the injuries to respondent were caused by the negligence of Kramer and that he and respondent were fellow-servants, yet as Kramer was acting under the immediate direction and eye of the vice-principal the appellant is liable. Combs v. Construction Co., 205 Mo. 367. The appellant is liable whether respondent's injuries were due to the foreman's negligent order to Kramer, or in his failure to communicate to Kramer necessary orders. Smith v. Railroad, 92 Mo. 359; Card v. Eddy, 129 Mo. 529. This is a case of negligence *per se.* Adams v. University Hospital, 122 Mo. App. 675; Hoffman v. Walsh, 117 Mo. App. 278; Evers v. Wiggins Ferry Co., 116 Mo. App. 130; Scharff v. Construction Co., 115 Mo. App. 157; Lang v. Railroad, 115 Mo. App.

489; Raney v. Lachance, 96 Mo. App. 479; Shuler v. Railroad, 87 Mo. App. 618; Seiter v. Bischoff, 63 Mo. App. 160. And thus the failure to use the word "negligently" in the respondent's instruction does not render it erroneous. Bond v. Railroad, 122 Mo. App. 207; McCaffrey v. Railroad, 192 Mo. 144; Luckel v. Building Co., 177 Mo. 608.

BLAND, P. J.—Defendant owns and operates a large furniture factory at No. 2527 St. Louis avenue, in the city of St. Louis. In the rear of the factory is a large yard on which defendant stacks its lumber and other material. In the month of December, 1906, defendant was engaged in reconstructing the interior of the third and fourth floors of its factory, by taking out the old flooring and shelving and substituting new. Such old material as was unfit for use in the construction work was thrown out of the windows into the yard and carried away and piled, or was carried into the furnace room for fuel. During the week prior to Monday, December 31, 1906, a considerable amount of old lumber had been thrown from the east window on the third floor into the yard, where it remained in a promiscuous pile. On Monday morning, December 31st, plaintiff and his helper, George Fund, were engaged in moving this pile of lumber. Plaintiff was throwing it back from the wall of the building and Fund was carrying it off. John Koetting was the foreman of the third and fourth floors of the factory, and he and Bernard Kramer were at work on the fourth floor. Koetting was tearing down the old shelving and passing the boards to Kramer. He handed Kramer a shelf board six or seven feet in length and about six inches wide, and Kramer asked him what he should do with it. Koetting replied that it was "no good," and to throw it out of the window. Kramer testified he shoved the board out of the fourth window from the corner, looked out and saw plaintiff opposite the first window from the corner, and twenty-

eight feet away, and then threw the board so as to clear the windows below; he then turned and received another board of the same dimensions from Koetting and shoved it out of the same window; that he looked out just as he let the board go and saw plaintiff under the window, in a stooping position, and hallooed to him to look out; that plaintiff straightened up and without moving from his tracks, looked up toward the window and just at that moment the board struck on one end, east of where plaintiff was standing, and rebounded and struck plaintiff on the head and injured him.

The action is to recover for the injury thus received, the petition alleging that the accident resulted from the negligent order of defendant's foreman and vice-principal, given to a co-employee of plaintiff. The answer was a general denial, special pleas of contributory negligence, that the injury was caused by the negligence of a fellow-servant and that plaintiff assumed the risk.

Plaintiff had been in defendant's employ for eighteen or twenty years and was a stockholder in the company. He was known as the "yard foreman," and worked in the yard most of the time and had worked there the week before he was injured, moving the lumber and other material thrown out of the windows of the third floor.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant offered an instruction, in the nature of a demurrer to the evidence, which the court refused to give. Under the instruction of the court, the jury found the issues for plaintiff and assessed his damages at $1,500. After taking proper steps to preserve its exceptions, defendant appealed.

1. Defendant contends that Koetting was himself a fellow-servant. Frank Leo Farrenkoph testified that he was treasurer and general manager of the defendant

company and was superintendent at the time of the accident; that he had power to employ and discharge workmen at the plant. Koetting testified that he had charge of the varnishing department, located on the third and fourth floors of the factory and, as before stated, was engaged on the fourth floor taking down the old shelving, with Kramer under him and obeying his orders. the power to employ and discharge workmen is not the only test by which to determine whether the relation of fellow-servant or master and servant exists. [Glover v. K. C. Bolt & Nut Co., 153 Mo. 327; Stephens v. Deatherage Lumber Co., 98 Mo. App. 465.] As was said in Bane v. Irwin, 172 Mo. l. c. 317, "it is the act and not the rank of the vice-principal which determines whether two employees are fellow-servants." In Fox v. Dold Packing Co., 96 Mo. App. 173, it is said that one who has the power to direct and look after the master's business is, without regard to what he is called, a vice-principal, and the mere fact that he has no right to employ and discharge laborers is not controlling." In respect to the relation Koetting sustained to the company, the case is very similar in its facts to the case of Smith v. Am. Car & Fdy. Co., 122 Mo. App. 610. Hunter was the superintendent of the defendant company and Rohrbacker was a "straw boss." Rohrbacker was ordered by Hunter to take charge of and superintend the removal of plank from the sides of some coal cars. He negligently gave order in the performance of this duty, resulting in Smith's injury. The contention there, as here, was that Smith and Rohrbacker were fellow-servants. In answer to this contention, this court, at page 616, said: "The question is, does this evidence show or tend to show Rohrbacker was a fellow-servant or a vice-principal in the performance of the work on the coal car? There is no ironclad rule by which to determine this question. Its solution does not depend upon Rohrbacker's rank, his power to hire and discharge employees, or the fact that he occasionally

worked with the men, but upon the authority, if any, he had over the workmen and their duty to obey his orders and follow his directions; nor does it depend upon the fact that Hunter was the general superintendent over him." Many authorities are cited, including the case of Miller v. Railroad, 109 Mo. 350, which is approvingly cited and quoted from in Koerner v. St. Louis Car Co., 209 Mo. 1. c. 153. Koetting, we think, was vice-principal.

2. Kramer testified he saw plaintiff working in the yard when he threw the first board out of the window; he should have anticipated that plaintiff might have moved his position to one where the second board might fall on him, and his failure to look until it was too late was negligent. But Kramer was plaintiff's fellow-servant, and defendant is not liable unless Koetting was also negligent in failing to warn or instruct Kramer to look out for plaintiff before throwing the board. Plaintiff had worked in the yard regularly for many years, and it is reasonable to infer that Koetting knew, or should have known, that he was probably in the yard when he ordered Kramer to shove the boards out of the window. On the other hand, plaintiff knew that boards and other material had been thrown from the windows and that more would be thrown out, and should have known that such material would probably be thrown out the morning he was injured. Rund, plaintiff's helper, testified that when they went to work in the morning he said: "We better not go at that piling lumber until this stuff is all thrown down. Mr. Schmelzer says, 'No, this has to come away, if I don't do this, nobody else will.' I never said anything but went to work." This statement was not denied. It was plaintiff's duty, in the circumstances, not to place himself in the way of being struck by material thrown from the windows. But laying aside the question of plaintiff's contributory negligence and coming back to the question of whether negligence can be attributed to

Koetting, in failing to instruct Kramer to look out for plaintiff before shoving the boards out of the window, the yard was defendant's private property and hence it had the lawful right to throw the board from the window into the yard. Therefore, Koetting's order to Kramer, to throw the board out of the window, was not an illegal or improper order, and if it had been executed by Kramer with reasonable care, plaintiff would not have been injured. It is not alleged, nor is there any evidence, that defendant was negligent in the selection of Kramer as a servant, or that he was incompetent to do the work, and if he did the work negligently, defendant is not responsible for his negligence, unless it can be said that the master is bound, after giving any proper order to his servant, however simple and easily executed, with safety to other employees, to see that the servant is not negligent in the execution of the order, in short, that the master is bound to personally superintend the execution of every order he gives his servant. Ordinarily the master discharges his whole duty to his servant when he uses ordinary care in the selection of his fellow-servants and provides suitable tools, appliances, etc.; when he has done this the servants must look to each other for protection in the performance of their several duties. [Card v. Eddy, 129 Mo. 510; Ryan v. McCully, 123 Mo. 636.] The work done by Kramer was not such as required the personal supervision of the master. Koetting was not required to follow Kramer to the window and tell him when to let the boards go; it was Kramer's duty to look out for plaintiff, his fellow-servant, and we think plaintiff's injury was caused by the negligence of Kramer, his own negligence concurring therein. Wherefore, the judgment is reversed. All concur.